## SKIDMORE v. GREEN et al.

District Court, S. D. New York.

April 15, 1940.

Tanner, Sillcocks & Friend, of New York City, for plaintiff.

Barber, Matters & Gay, of New York City, for defendant Whittaker, appearing specially on this motion.

MANDELBAUM, District Judge.

This is a motion to dismiss the complaint against defendant Samuel Whittaker, on the ground that this court has no jurisdiction over him. Allegedly, process was not properly served, pursuant to Rule 4 (d) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, since the summons and complaint were not left at defendant Whittaker's usual place of abode and he is no longer a resident of the State of New York.

Plaintiff, a resident of West Virginia, seeks to recover damages for injuries resulting from an accident on October 16, 1939, near Hillard, Florida, in which the automobiles of defendants Green, who are residents of Queens County, New York, and defendant Whittaker collided with that of the plaintiff. So far as they are relevant, the facts with respect to the service of process which this motion seeks to upset are as follows: Defendant Whittaker is a retired New York City Policeman who lives upon a pension and spends most of his time travelling about the country in a car and trailer. Until the fall of 1937, he admits that he lived in New York State. At that time, he bought the trailer and went to Florida. He spent the winter there and returned to New York in the summer of 1938. He again went to Florida in the fall and did not return to New York until the summer of 1939. In the fall of 1939, he set out for Florida and has not since returned to New York State. In each instance, these trips were very leisurely and defendant would spend weeks at various stop-over points en route.

During all this time, both his car and the trailer have New York license plates and in the application for the license, the address given by defendant was 109 Hunter Street, Kingston, New York, a house owned by his brother. On October 6, 1939, however, he applied for a 1940 license from the State of South Carolina in which, although he gave an address in Camden, South Carolina, he stated that he was a resident of New York.

The summons and complaint were delivered to Whittaker's sister-in-law at the Kingston, New York, address and it is admitted that she forwarded them to him in Florida. Both she and her husband, defendant's brother, have made affidavits in which they assert that at no time did Samuel Whittaker "reside permanently at 109 Hunter Street, Kingston, N.Y.", although they do admit that he had a temporary residence there at some time in the past. From exhibits which the court examined during the oral argument, it appears that defendant's pension checks were mailed to this Kingston address.

Defendant Whittaker, in his affidavit, states that he is not a resident and citizen of the State of New York, and has not been such since 1937. He asserts that he considers a tourist camp in Daytona Beach, Florida, to be his residence.

On the basis of these facts, I do not think defendant Whittaker can avoid defending the action in this jurisdiction.

So far as the record shows, the house in Kingston, New York, is the only "dwelling house or usual place of abode" which he has at the present time. His statements to this effect in the various license applications made at a time when he was disinterested are convincing and cannot be overthrown by the ambiguous declaration of his sister-in-law and his brother to the effect that he does not "reside permanently" in Kingston, New York. Admittedly, he does not reside permanently there but so far as the migratory nature of his life permits of any place of abode or dwelling house, it is the house in Kingston, New York.

The motion is denied.