**BERNER et al. v. FARNY et al.**

**C 49–49.**

United States District Court
D. New Jersey.

July 25, 1951.

Morris Grundman, Jersey City, N. J., Polier, Rembar & Midonick, New York City, of counsel, for plaintiffs.

Visscher & Kelly, Newark, N. J., Hawkins, Delafield & Wood, New York City, of counsel, for defendant Eugene R. Farny.

FORMAN, Chief Judge.

This is a motion to vacate service of the summons and complaint upon the defendant Eugene R. Farny on the ground that no jurisdiction was obtained over the person of this defendant because said service of process was not in conformity with Rule 4(d)(1) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The return of the deputy marshal upon the summons certified that a copy of the summons and complaint herein was served upon the defendant Farny on January 18, 1949 by "delivering to and leaving with Cyril Farny, Brother of said Eugene R. Farny, a Copy thereof, at his Residence on Tabor Road, Morris Plains, in the District of New Jersey * * *."

The question presented by the motion to vacate is whether the service complies with the provisions of Rule 4(d)(1) which permits service to be made upon an individual by "delivering a copy of the summons and of the complaint to him * * * by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein * * *". To be more specific, the narrow issue is whether the address at Tabor Road, Morris Plains, New Jersey, was the dwelling house or usual place of abode of Eugene R. Farny.

In his affidavit in support of his motion, the defendant Farny states that he "has no dwelling house or usual place of abode and there is no adult member of his household in the State of New Jersey." He asserts that he lives and has his dwelling house and usual place of abode at 94 McDougal Street in the Borough of Manhattan, City, County and State of New York, where he and his wife and family have lived together and made their home for at least the last five years. The factual allegations of the latter assertion as to actual residence have not been controverted by the plaintiffs.

The defendant Farny admits that he is a joint owner of record with his brother Cyril Farny and his sister Alice Smith of the house located at Tabor Road, Morris Plains, New Jersey, but asserts that he and his family have not dwelt there or had a place of abode there for at least five years. He further states, and this is not controverted, that he has "no furniture, automobile, clothes, personal effects or personal property of any kind located in the house at Morris Plains, New Jersey."

In connection with this motion, plaintiffs undertook an examination of the defendant Farny on March 14, 1949 and the defendant testified that he, his brother and his sister acquired title to the property at Tabor Road in 1942 or 1943. He further testified that at that time he was living in the house, and had lived in the house since 1938 and that the house and property had belonged to his father and mother before their deaths.

The plaintiffs, in opposition to defendant's motion, contend that the Tabor Road residence continued to be defendant's dwelling house or usual place of abode within the meaning of Rule 4(d)(1) and was such at the time of service of process in this action. In support of this contention, plaintiffs point to the following:

1. The defendant Farny, beginning in 1938 and at all times thereafter through the most recent election preceding March 1949, was a registered voter in New Jersey and voted in Congressional and Presidential elections from the Tabor Road address.

2. The federal income tax returns of said defendant were filed in Newark, New Jersey, from the Tabor Road address throughout the period. In his New York State income tax returns for the years 1946 and 1947 defendant stated his residence as "Tabor Road, Morris Plains, New Jersey", although the 1946 return also listed "NYC Res. 94 McDougall St. New York, N. Y." The address appearing on the 1948 and 1949 returns was 12 East 44th Street, New York City, a business address of said defendant, but these two returns were filed after the present motion was made.

3. In all insurance policies maintained by defendant Farny and issued through October 1949, the applications therefor list Morris Plains, New Jersey, as his residence, although policies issued since 1945 also bear a memorandum that the defendant maintained a residence at 94 McDougal Street, New York City. Except in one instance, where his business address was submitted, defendant requested that premium notices be sent to the Morris Plains, New Jersey, address.

4. In various legal instruments executed by defendant Farny in 1946, 1947 and 1950, and on file in the Morris County Clerk's Office, Morristown New Jersey, the said

defendant and his wife are listed as "of the Township of Parsippany—Troy Hills, County of Morris and State of New Jersey."

5. In support of a motion to dismiss an action pending in the United States District Court for the Southern District of New York, which involved, among others, the present defendants, the defendant Farny filed an affidavit, sworn to July 29, 1947, in which he asserted that he was a citizen of the State of New Jersey.

6. In a proceeding in the United States District Court for the District of Delaware, which involved substantially the same matter complained of in the present suit, the defendant Farny, appearing specially by his attorney, on October 11, 1948, moved to dismiss the action as to him on the ground that he was "a citizen of the State of New Jersey".

Taking the most favorable view of the plaintiffs' contentions it is clear that the house at Tabor Road, Morris Plains, New Jersey, is not the "dwelling house or usual place of abode" of the defendant Eugene R. Farny and thus the service of process in this suit is not in conformity with Rule 4(d)(1) and is invalid. It is unquestioned that the "dwelling house or usual place of abode" of this defendant at the time when the said service was made at 94 McDougal Street, New York City. The plaintiffs, however, show that this defendant maintained his legal residence at Tabor Road, Morris Plains, New Jersey, and apparently considered himself a citizen of New Jersey. They further show that the defendant Farny had designated the Tabor Road residence in several instances, as the address to which notice of insurance premiums should be sent and to which correspondence regarding his federal and state tax liability might be directed. While this defendant cannot seriously question the fact that he would and, in this case, did receive actual notice of any suit commenced by service of process at the Tabor Road address, proof of his utilization of the Tabor Road address for the various purposes indicated does not show that service of process was in compliance with the requirements of the statute. Citizenship and residence are not synonymous. La Tourette v. McMaster, 248 U.S. 465, 39 S.Ct. 160, 63 L.Ed. 362; Townsend v. Bucyrus-Erie Co., 10 Cir., 144 F.2d 106, 108. An individual may have a residence in one state while his citizenship continues in another. Jeffcott v. Donovan, 9 Cir., 135 F.2d 213.

I agree that whenever possible Rule 4(d)(1) should be construed liberally to effectuate service where actual notice of suit has been received by the defendant. See Rovinski v. Rowe, 6 Cir., 131 F.2d 687, 689. The activity of the defendant Farny, as shown by plaintiffs, in insulating himself from suit in New York and Delaware by declaring himself a *citizen* of New Jersey and then when he is sued in New Jersey asserting himself to be a *resident* of New York is not of the design to inspire admiration. Were this court to have any discretion in the matter it would hold the service of process valid. But I do not see how the service of process can be sustained in the instant suit in the face of the clear legislative limitation of "dwelling house or usual place of abode" particularly when the plaintiffs have failed to contradict the showing made by defendant that he has an actual residence which complies with this designation.

In the Rovinski case the defendant apparently had no other "dwelling house or usual place of abode" and the court construed various indicia, including the defendant's admission that he considered the address in question as his home, as sufficient to sustain the service of process.

The responsibility of establishing criteria by which service of process can be effectuated belongs to the Congress subject, of course, to constitutional safeguards which may be invoked through the process of judicial review. But beyond this the courts cannot go when the legislative body has spoken.

The plaintiffs argue that this "defendant is seeking to avoid a trial on the merits by relying on an alleged failure to comply with a procedural requirement whose aim is fair notice—in a situation where he had notice * * *." But the statute prescribes the manner in which jurisdiction of the court over the person of a defend-

ant may be obtained and the mere showing that he has had notice of the institution of the suit does not fulfill the requirements of the statute. Indeed, whenever a defendant comes into court to challenge the service of process he, of necessity, has received notice of suit, but, clearly mere "notice" is not a sufficient ground upon which a court can sustain the validity of service of process when Congress has established other definitive standards.

The motion to vacate the service of the summons and complaint upon the defendant Eugene R. Farny will be granted.

An order should be settled in conformity herewith.