Richard A. JAMES

v.

RUSSELL F. DAVIS, INC., and Harvey M. Haynes.

Civ. No. 59.

United States District Court
N. D. Indiana,
Hammond Division at Lafayette.

June 30, 1958.

Stuart, Devol, Branigin & Ricks, Lafayette, Ind., Allen & Korkowski, Rantoul, Ill., for plaintiff.

Charles L. Vaughn, of Vaughn & Vaughn, Lafayette, Ind., for defendant Russell F. Davis, Inc.

Ball & Eggleston, Lafayette, Ind., for defendant Harvey M. Haynes.

SWYGERT, Chief Judge.

1. This action is for damages for alleged personal injury to plaintiff claimed to have arisen out of an automobile accident which occurred September 30, 1955 at about 1:30 o'clock a. m. on U. S. Highway 31 a few miles south of the City of Peru in Miami County, Indiana, where it is claimed that an automobile driven by defendant Harvey M. Haynes, in which plaintiff Richard A. James was riding, collided with a gravel truck driven by an employee of defendant Russell F. Davis, Inc.

2. Upon plaintiff's complaint, file marked September 26, 1957, plaintiff caused summons to issue for defendant Harvey M. Haynes. Said summons was sent to the United States Marshal for the Southern District of Indiana at Indianapolis, Indiana and stamped "received" by him on September 30, 1957. Said summons was returned to the Clerk of this Court on October 19, 1957 bearing thereon the Marshal's certification of service, to-wit:

"I hereby certify and return, that on the 4th day of October 1957, I received this summons and served it together with the complaint herein as follows: On October 5, 1957 I served the within named Harvey M. Haynes by leaving a true copy of summons and complaint for him with his father at Hymera, Indiana, his father's name is Harry Haynes. Mr. Harvey M. Haynes is now in the U. S. Air Force at 'Nellis Air Force Base, Las Vegas, Nev.'
"Robert C. McFadden
United States Marshal
"By /s/ Jesse D. Jordan
Deputy United States Marshal"

3. On July 12, 1951, said defendant Harvey M. Haynes, at the age of 21 years, entered upon a four year enlistment in the United States Air Force. Prior to his enlistment, he resided with his parents at Sullivan, Indiana. On July 15, 1955, said defendant re-enlisted in the United States Air Force for a term of six years. At the time of re-enlistment, he showed his permanent residence as 619 North Olive Street, Sullivan, Indiana, the home of his parents. On December 1, 1955 he attained his present rank of Staff Sergeant.

4. At the time of the alleged accident on September 30, 1955, said defendant Harvey M. Haynes was stationed at Bunker Hill Air Force Base in Indiana. On or about December 1, 1956, he was transferred to Lowry Air Force Base, Denver, Colorado.

5. On or about May 14, 1957, said defendant Harvey M. Haynes was transferred from Lowry Air Force Base to Chanute Field, Illinois which base was his "home" or permanent station. At Chanute Field he lived on base.

6. On or about August 1, 1957, said defendant Harvey M. Haynes was transferred from Chanute Field to a temporary duty station at Nellis Air Force Base, Las Vegas, Nevada. On August 10, 1957, he married Miss Geraldine Shadowen of Denver, Colorado at Eli, Nevada. On or about September 1, 1957 until about September 29, 1957 said defendant and his wife lived off the base at 3619 Kell Lane, Las Vegas, Nevada. On or about September 29, 1957 until about December 10, 1957, said defendant and his wife lived off the base at 4662 East College Ave., North Las Vegas, Nevada.

7. On or about December 10, 1957, said defendant Harvey M. Haynes was transferred from Nellis Air Force Base to Hughes Aircraft, Hawthorne, California on a temporary training phase assignment. After said transfer, defendant and his wife lived off the base at 5338 West 99th Place, Los Angeles, California. Said defendant has a telephone listed in his name at said address. As of May 3, 1958, said defendant anticipated that he would be transferred on May 13, 1958 to Edwards Air Force Base, Lancaster, California for a second phase of his training assignment.

8. Defendant Harvey M. Haynes owns no real property; at the present time his personal property, consisting of clothes and household goods, is with him in California. Said defendant last owned an automobile in May, 1957. Said auto was registered in Indiana. Said defendant's wife presently owns an automobile which was registered in Colorado.

9. Defendant Harvey M. Haynes has never voted in an election, has never applied for a Korean Bonus, has no accounts of any type in any savings institution, has never paid a State Income Tax. Said defendant filed his Federal Income Tax Returns for the years 1955 and 1956 by mailing said returns to Indianapolis, Indiana.

10. The military records of defendant Harvey M. Haynes list Sullivan, Indiana as his permanent address. On February 21, 1957 said defendant executed a DD Form–93 for Record of Emergency in which he showed the persons to be notified in the event of an emergency were to be his mother and father at P. O. Box 64, Hymera, Indiana.

11. Sometime during the year 1956, defendant Harvey M. Haynes spent from five to ten days leave at his parents' present home in Hymera, Indiana. Said defendant was last in Hymera, Indiana for the period of a week-end in late May or early June in 1957.

12. Defendant Harvey M. Haynes has never authorized his father to accept service of summons or complaint for him at any time.

13. Defendant Harvey M. Haynes, presently and at the time of the service of summons at Hymera, Indiana, had the mental intention to make a career of service in the U. S. Air Force and, upon retirement, to live "on the West Coast or in Colorado."

### Memorandum

This action came before the Court for hearing and decision of the motions of defendant Harvey M. Haynes (1) to quash service of summons and the return on service of summons and (2) to dismiss for improper venue. When the motions first came up for hearing, the Court granted a continuance for 30 days in order that the deposition of defendant Haynes might be taken in accordance with Rule 43(e), Fed.Rules Civ.Proc. 28 U.S.C.A. On the basis of said deposition, the affidavit of Haynes' attorney, and the returned summons on file, the Court has made findings of fact as set out above. It should be added that, from an examination of both the direct and cross-examination contained in Haynes' deposition, the dispute does not seem to go to the facts but rather to their legal implication.

Service of summons in this situation is controlled by Rule 4(d)(1) and (7), F.R. C.P. which state that summons may be served:

"(1) Upon an individual * * by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. * * *

"(7) * * * [I]t is also sufficient if the summons and complaint are served * * * in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant."

The Indiana method of service, incorporated into the federal scheme by means of subsection (7) above, states:

"The summons shall be served, either personally on the defendant, or by leaving a copy thereof at his usual or last place of residence. * * *" § 2–803, Burns' Ind.Stat. Ann.

■ I am in agreement with the court in Rovinski v. Rowe, 6 Cir., 1942, 131 F.2d 687, 689, when it states that Rule 4(d)(1) "should be construed liberally to effectuate service where actual notice of suit has been received by the defendant". However each case must turn upon its own facts, and the directions of the rule must be followed. See Berner v. Farny, D.C.N.J.1951, 11 F.R.D. 506; Blane v. Young, D.C.N.D.Ohio 1950, 13 Fed.Rules Serv. Rule 4 [4d.122]; 2 Moore's Federal Practice 968; Annotations, 127 A.L.R. 1267, 46 A.L.R.2d 1239. In the present case, therefore, it must be decided whether the home of defendant's father was defendant's "dwelling house or usual place of abode" for it has been found by the Court that defendant had not authorized his father to accept service of sum-

mons for him. In answering the issue presented, the Court is not concerned with defendant's citizenship or domicile but only with his residence. See Berner v. Farny, supra; Wendel v. Hoffman, D.C.N.J.1938, 24 F.Supp. 63.

■ There are three pertinent facts which lead me to decide that the home of defendants' father does not qualify as defendant's "dwelling house or usual place of abode". First and foremost is the fact of defendant's marriage nearly two months prior to the purported service of summons and of his setting up of housekeeping with his wife off the base. Secondly, I must place emphasis on the fact that at the time of the purported service, defendant was serving the second year of a six-year re-enlistment and had the avowed intention to make the Air Force a career. Finally, with the exception of a week-end spent in Hymera, Indiana in May or June of 1957 and a short leave period spent there in 1956, there is no evidence that defendant ever resided with his parents at the Hymera address. It is true that his permanent service records indicate an Indiana residence but the address given, where defendant last resided with his parents, is in Sullivan, Indiana.

The fact of defendant's marriage is perhaps most decisive. It indicates a clear intention to separate himself from his father's home and to establish a family of his own. From that time to the present, defendant has maintained an off-base residence and has severed all ties with his childhood home.

The fact that he is a career serviceman shows to me that his sojourn with the Armed Forces is neither involuntary nor temporary as in the case of a draftee. Cf. Shore v. McFadden, D.C.Pa.1945, 60 F.Supp. 8; Bohland v. Smith, D.C.E.D. Ill.1947, 7 F.R.D. 364; Skidmore v. Green, D.C.S.D.N.Y.1940, 33 F.Supp. 529.

The fact that defendant has never resided with his parents at their Hymera address other than for short leave periods seems conclusive that the Hymera

home has never been his "dwelling house or usual place of abode" as contemplated by Rule 4(d)(1) or his "usual or last place of residence" as contemplated by § 2–803, Burns' Indiana Statutes Annotated. See Roth v. Bovar, 1951, 122 Ind. App. 174, 101 N.E.2d 828; Earle v. McVeigh, 1875, 91 U.S. 503, 23 L.Ed. 398; First National Bank & Trust Co. of Tulsa v. Ingerton, 10 Cir., 1953, 207 F.2d 793; Blaw-Knox Co. v. Miller's Gold Seal Dairy, Inc., D.C.N.D.Ohio 1950, 14 Fed. Rules Serv. Rule 4 [4d.122]; Leigh v. Lynton, D.C.E.D.N.Y.1949, 9 F.R.D. 28.

For the reasons stated, the Court feels that the service of summons and the return thereon must be quashed. Since quashing the summons disposes of the case against defendant Haynes for the time being because the Court thereby lacks personal jurisdiction, said defendant's additional motion relating to venue need not be here considered.