James M. HYSELL, Plaintiff,

v.

Paul MURRAY, Defendant.

Civ. No. 1–156.

United States District Court
S. D. Iowa,
Ottumwa Division.

Oct. 20, 1961.

585

James G. McDowell, Jr., Des Moines, Iowa, for plaintiff.

Herschel G. Langdon (of Herrick, Langdon, Sandbloom & Belin), Des Moines, Iowa, for defendant.

STEPHENSON, Chief Judge.

This matter is now before the court on motion of the defendant Paul Murray to dismiss the complaint and to quash the purported service of process. The complaint filed herein alleges that the plaintiff is a citizen of Mobile, Alabama, and the defendant is a citizen of Ottumwa, Iowa. Plaintiff seeks to recover damages for personal injuries arising out of an automobile accident in France.

The return of service of summons filed herein reads as follows:

"I hereby certify and return, that on the 21st day of February, 1961, I received this summons and served it

together with the complaint herein as follows: Going to the address given for the defendant, 557 S. Davis Street, Ottumwa, Iowa, I found that Paul Murray no longer lives in Ottumwa. I served him by serving his father, Tom Murray, at 607 Morris Street, Ottumwa, Iowa, and left with him a true copy of the summons and the complaint.

"s/ Roland A. Walter
"U. S. Marshal"

A second summons was served and return made as follows:

"I hereby certify and return, that on the 29th day of April, 1961, I received this summons and served it together with the complaint herein as follows: I served defendant Paul Murray by handing a true copy of this summons with complaint attached to Mrs. E. J. Wollums, resident lessee of the home of Paul Murray, at 557 So. Davis St., Ottumwa, Iowa, after being advised that Paul Murray was absent and now a member of the Armed Forces of the United States.

"Roland A. Walter, U. S. Marshal
By /s/ Virgil Lekin, Deputy
"U. S. Marshal"

The defendant contends the court is without jurisdiction of the person of the defendant because the return of service shows affirmatively that the defendant does not reside in Ottumwa, Iowa, and "that there is no proof that the purported service was made at the defendant's 'dwelling house or usual place of abode' as is required by either Rule 4(d) (1) of the Federal Rules of Civil Procedure or by Rule 56(a) of the Iowa Rules of Civil Procedure."

It appears that at the time of the service the defendant was married and living with his family in Columbia, South Carolina, where he was stationed with the army.

Plaintiff resists said motion to dismiss claiming "that the legal domicile and citizenship of the defendant is in Ottum-

wa, Iowa, and he has been served at his father's address which he has always used as his permanent address, and at his home which he is purchasing and the returns of service are on file with this court, and the same constitute service both under the Federal Rules and under the State Rules for process of service".

Attached to plaintiff's resistance is his affidavit providing as follows:

"I, Paul Murray, presently stationed at Bld. 939, Apt. D, Jackson Homes, Columbia, South Carolina, after first being duly sworn state that I have been in the Army for approximately fifteen years and during that time I have always used my father's home, Rt. # 2, Ottumwa, Iowa, and later 607 Morris Street, Ottumwa, Iowa, as my permanent residence and mailing address. To the best of my knowledge and belief, I have considered Ottumwa, Iowa, as my permanent residence, and I am a citizen of the State of Iowa.

"I further state that I am purchasing and own a home located at 557 South Davis Street, Ottumwa, Iowa, that my family lived at that address from the early days of January, 1960, until the 15th day of January, 1961, and that I personally lived at that address from the 24th day of December, 1960, until the 15th day of January, 1961, and my plans are to retire and live in that home after retirement.

"I know that my present residence in South Carolina is only temporary, and I have never established a permanent residence in any other state or foreign country."

Also attached was an affidavit of Paul Murray's father which substantiates his son's affidavit.

The issue before the court is whether proper service was made on the defendant in accordance with Rule 4(d) (1) or 4(d) (7) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the latter providing service may be made in the man-

ner provided by the law of the state in which service is made.[1]

The first precise question is whether either the home of the defendant's father, or the house the defendant was purchasing was "his dwelling house or usual place of abode" under Rule 4(d) (1).

■ After a review of the authorities it appears differing opinions exist as to what constitutes a dwelling house or usual place of abode. While it is true that Rule 4(d) (1) "should be construed liberally, to effectuate service where actual notice of suit has been received by the defendant", Rovinski v. Rowe, 6 Cir., 1942, 131 F.2d 687, 689, in effect each case must turn upon its own factual situation. James v. Russell F. Davis, Inc., D.C.N.D.Ind.1958, 163 F.Supp. 253. Berner v. Farny, D.C.D.N.J.1951, 11 F.R. D. 506. Factually the James case is closely analogous to the instant case. The defendant therein was making a career of the Air Force and only resided at his father's home on short leave periods. The recent marriage of the defendant and the fact that he and his wife were making their home near a military base were also important factors in the court's decision that service of process was not effective when made at his father's home.

■ As in the James case, certain factors indicate that the home of the defendant's father is not the defendant's "dwelling house or usual place of abode." First of all, the defendant was married and making his home with his family in South Carolina where he was stationed at the time of the purported service. It would be difficult to imagine a more clear indication that the defendant had divorced himself from his childhood home as his dwelling house.

Secondly, the defendant has been a career serviceman for fifteen years. Therefore, any contention that the defendant is only temporarily away from "home" (his father's home) cannot be sustained. Cf. McFadden v. Shore, D.C. E.D.Pa.1945, 60 F.Supp. 8. In addition, it appears that the only time the defendant may have resided in his father's home in recent years was on short leave periods.

■ Plaintiff also contends that Rule 4(d) (1) was complied with by serving the defendant's lessee on April 29, 1961, at the house the defendant owns in Ottumwa. The defendant's family had lived in this house from January 1960 until January 15, 1961, apparently while the defendant was in Europe. The defendant joined his family in Ottumwa, and lived there from December 24, 1960 until January 15, 1961. On the latter date the entire family moved to Columbia,

1. Rule 4(d) (1) provides: "Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

Rule 4(d) (7) provides: "Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

Rule 56(a) of the Iowa Rules of Civil Procedure, 58 I.C.A., provides: "Upon any individual aged eighteen years or more who has not been adjudged incompetent, either by taking his signed, dated acknowledgment of service indorsed on the notice; or by serving him personally; or by serving, at his dwelling house or usual place of abode, any person residing therein who is at least eighteen years old, but if such place is a rooming house, hotel, club or apartment building, the copy shall there be delivered to such a person who is either a member of his family or the manager, clerk, proprietor or custodian of such place.

South Carolina where they have continually resided. Against this factual background it cannot be said that the house in Ottumwa was the defendant's dwelling house or usual place of abode *on April 29, 1961.*

The plaintiff's alternative contention is that service is proper under Iowa Rule 56(a) as authorized by Federal Rule 4(d)(7). Plaintiff concedes that there are no cases interpreting Rule 56(a) in connection with the question now at issue. However he cites Ruth & Clark, Inc. v. Emery, 1943, 233 Iowa 1234, 11 N.W.2d 397, in support of his contention. The question there presented was an interpretation of Section 11060, Code 1939, providing: " * * * If (defendant) not found within the county of his residence, * * * by leaving a copy thereof at his usual place of residence with some member of his family over fourteen years of age * * *."

The court there interpreted "county of his residence" as meaning "county of his legal residence or domicile. * * * The term 'usual place of residence' means the usual place of residence in the county of defendant's legal residence or domicile."

Service in the Emery case was made prior to the adoption of the Iowa Rules of Civil Procedure. Rule 56(a) contains the identical language of "dwelling house or usual place of abode" found in Rule 4(d)(1).

It would appear that in adopting the language of the Federal Rule the Iowa Supreme Court would expect the two to receive similar interpretation and when confronted with the question, to so treat them.

 It is the opinion of the court that the correct interpretation of the phrase "dwelling house or usual place of abode" requires a practical inquiry as to where the defendant is actually living, even if it is not where he may always intend to live and as in the instant case, even if he knows he may be transferred to another military base in the future.

In the instant case in no sense of the word can it be said that the defendant's dwelling house or usual abode is at the house he is purchasing in Ottumwa, Iowa, and has under lease, or at the home of his father where he may occasionally visit. His present intention of ultimately making Ottumwa his home when he retires from the army, does not in itself make either of these his "dwelling house or usual place of abode" at the present time.

It it therefore ordered that the service is hereby quashed, and the motion to dismiss is sustained, all without prejudice to the plaintiff.