Accordingly, the motions are denied.

Anthony M. DI LEO, Plaintiff,

v.

SHIN SHU and Shin Chi Yuen, Defendants.

United States District Court
S. D. New York.

Dec. 27, 1961.

---

7.  18 U.S.C. §§ 201, 202.

8.  26 U.S.C. § 7214.

Higgins & Latto, New York City, Archie E. Latto, New York City, of counsel, for plaintiff.

Garfield, Fagan & Clifford, New York City, Rose Kraus, New York City, of counsel, for defendant.

COOPER, District Judge.

This is a motion by defendant Shin Shu, pursuant to Rule 12(b) (5), Fed.R. Civ.P., 28 U.S.C.A., to set aside the service of process for insufficiency.

In the underlying action, plaintiff seeks to recover for personal injuries which he alleges were sustained as a result of an automobile collision in New York City on November 2, 1958. Plaintiff, in his complaint, asserts that the accident was caused by defendant's negligence and asks for $150,000 in damages. Jurisdiction is conferred on this Court by reason of diversity of citizenship (28 U.S.C.A. § 1332).

Defendant Shin Shu resides in an apartment at 116 Mott Street in New York City. Although his daughter, Mrs. Shin Kee Juen, resides in the same building, it appears from affidavits submitted in support of this motion that the daughter in fact resides in a separate apartment in another part of the building.

On this point, the affidavits are nowhere directly controverted, and, on the record before it, the Court finds that at the time of service of process in this action, Shin Shu and his married daughter, Shin Kee Juen, resided in separate apartments in the building at 116 Mott Street.

On October 25, 1961, pursuant to Rule 4(d) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the summons and complaint in this action were served by a deputy United States Marshal who delivered and left them with Shin Shu's daughter at her apartment. Concededly, Shin Shu was not present in his daughter's apartment at the time service was made, although it is apparent that he did subsequently receive actual notice of the attempted service.

Rule 4(d) (1), Fed.R.Civ.P., provides that personal service upon an individual other than infant or an incompetent person may be made " * * * by leaving

copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein * * *."

Although Rule 4(d) (7), Fed.R.Civ.P., provides for other appropriate means of personal service, counsel does not here assert, nor does it appear, that the service attempted in this case is valid under any of these other provisions.

■ The precise question presented, therefore, is whether the service in the case at bar complies with Rule 4(d) (1). Manifestly, defendant's daughter must be regarded as a "person of suitable age and discretion." Hence, the sole issue to be determined in this connection is whether the daughter's apartment, which is a separate apartment from that of her father Shin Shu, can properly be deemed part of the "dwelling house or usual place of abode" of Shin Shu within the meaning of Rule 4(d) (1).

■ While the Court agrees that Rule 4(d) (1) should be construed liberally to effectuate service where actual notice has been received by a defendant (Rovinski v. Rowe, 131 F.2d 687 (6 Cir.1942)), nevertheless, it is necessary that the specific requirements for personal service under Rule 4(d) (1) be met. Berner v. Farny, 11 F.R.D. 506 (D.C.N.J., 1951).

In the Court's view, the service of process should have been made, under the terms of the Rule, at the apartment which Shin Shu occupied. His "usual place of abode" or "dwelling house" was the apartment in which he resided, not the apartment of his daughter.

The apartments in a multiple dwelling are, in a sense, as separate and distinct as individual buildings under separate roofs; and the attempted substituted service in this action cannot, therefore, be deemed to have complied with the requirements of Rule 4(d) (1). See Settlemier v. Sullivan, 97 U.S. 444, 447, 24 L.Ed. 1110 (1878); Clover v. Urban, 108 Conn. 13, 142 A. 389 (1928).

Nor does the mere showing that defendant has had actual notice of the institution of the suit fulfill the requirements of the statute. Such "notice" may not be deemed a sufficient ground upon which a court can sustain the sufficiency of service of process which has not been effected in the manner prescribed by the relevant provisions of Rule 4(d) (1). Berner v. Farny, supra, 11 F.R.D. at p. 508.

■ Accordingly, the motion to set aside the service of process is granted without prejudice to the plaintiff's right to proceed with timely service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure and Section 17 of the New York Civil Practice Act. (Nola Electric Co., Inc. v. Reilly, 93 F.Supp. 164 [S.D. N.Y., 1948], cert. denied Reilly v. Goddard, 340 U.S. 951, 71 S.Ct. 570, 95 L.Ed. 685 (1949)).

So Ordered.