**Ames NOWELL, Appellant,**

**v.**

**Iris Calder NOWELL, Appellee.**

**No. 24422.**

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1967.

---

Charles O. Shields, Dallas, Tex., for appellant.

W. B. West, III, Dallas, Tex., for appellee.

Before RIVES, GOLDBERG and AINSWORTH, Circuit Judges.

RIVES, Circuit Judge:

The question presented on this appeal is whether the substituted service effected in this case complies with the requirements of Rule 4(d) (1) of the Federal Rules of Civil Procedure.[1]

The appellee instituted this suit against the appellant, her former husband, in the United States District Court at Dallas. The suit sought enforcement of a claim of $18,500 based on two property settlement agreements which the parties had executed. Service upon the appellant was had by delivering a copy of the summons and complaint to Mrs. Dorothy Kimbriel who was the resident manager of the Maricaibo Apartments in Dallas. The Maricaibo was an apartment complex consisting of 63 units in two buildings separated by an alley. The buildings had different addresses as they fronted on different streets. Mrs. Kimbriel, who had never met the appellant at the time of service, resided in one of these buildings and the appellant resided alone in the other. The only contact between the resident manager and the appellant prior to service was that the former received the latter's rent. Shortly after Mrs. Kimbriel received the process, the appellant appeared in the district court by his attorney and moved that service be quashed on the theory that there had been no compliance with Rule 4(d) (1). This motion was denied. As the appellant made no further appearance, the appellee sought and obtained a default judgment.

It is settled that jurisdiction can be acquired over a defendant by leaving process with the landlady of the rooming house wherein the defendant resides. Smith v. Kincaid, 6 Cir. 1957, 249 F.2d 243. In a somewhat similar case, a New York district court held that service was adequate where process was left with the manager of a hotel where the defendant was temporarily staying. The court observed that the manager of the hotel was a resident of the defendant's dwelling place, the hotel, within the requirements of Rule 4(d) (1) although the manager made his home elsewhere. Pickford v. Kravetz, S.D.N.Y. 1952, 17 Fed.Rules Serv.4d.121,[2] Case 1. From

---

1. Rule 4(d): " * * * Service shall be made as follows:

"(1) Upon an individual * * * by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein * * *."

2. Professor Moore points out that *Pickford*, supra, as authority for the validity of service in such a situation might be limited by the fact that the court felt that the manager and the defendant conspired to avoid service. 2 Moore Federal Practice, ¶ 4.12 (p. 1047).

reading the appellant's brief, the issue on appeal that implicitly arises may be stated as follows: Whether the language in 4(d) (1) must be so narrowly construed that the adequacy of service turns upon whether the apartment manager resides in the same or a different building as the defendant.[3]

The appropriate construction of Rule 4(d) (1) varies according to whether the defendant received notice of the suit. 4(d) (1) should be broadly construed where the defendant, as in this case, received notice of the suit. This rule of construction is, of course, subject to the limitation that the construction of the statute's language must be a natural rather than an artificial one. *Frasca v. Eubank*, D.C.Pa. 1959, 24 F.R.D. 268. Otherwise, no hard and fast rule can be fashioned to determine what is or is not a party's "dwelling house or usual place of abode" within the rule's meaning; rather the practicalities of the particular fact situation determine whether service meets the requirements of 4(d) (1).

" * * * the provision concerning usual place of abode should be liberally construed to effectuate service if actual notice has been received by the defendant and that in the last analysis the question of service must be resolved by 'what best serves to give notice to a defendant that he is being served with process, considering the situation from a practical standpoint.' [55]

"[55.] * * * *Rovinski v. Rowe*, C.C.A. 6th 1942, 133 [131] F.2d 687 * * *."

1 Barron & Holtzoff, Federal Practice & Procedure § 177, p. 666.

A brief analysis of several cases which have construed 4(d) (1) follows so that the facts of this appeal may be considered in context. In *Karlsson v. Rabinowitz*, 4 Cir. 1963, 318 F.2d 666, process had been left with the defendant's wife at his house in Maryland where the defendant himself had lived prior to his having moved ahead of the family to Arizona. The court held that the service met the requirements of Rule 4(d) (1), although twenty days before service the defendant had left Maryland with the intention of permanently giving up his residence, never to return. The court expressly approved the liberal construction rule applicable when the defendant receives actual notice of the suit. Additionally, the court emphasized that each case "proceeds on its own facts." *Karlsson*, supra, at 668. The case of Di Leo v. Shin Shu, S.D.N.Y.1961, 30 F.R.D. 56, is not controlling, as service in that case was left with another tenant rather than the landlord as in this appeal. The significance of this difference is that the substantial nexus that exists between tenant and landlord does not exist between tenants themselves. The landlord, unlike his tenants, has a degree of control over all tenants and the premises that each occupies. Also a tenant generally would be more likely to receive notice of a suit where process had been left with his landlord rather than another tenant. This too is a consideration in determining the validity of service under Rule 4(d) (1). 1 Barron & Holtzoff, Federal Practice & Procedure § 177, p. 666. In *Skidmore v. Green*, S.D.N.Y. 1940, 33 F.Supp. 529, the defendant attacked the service which had been left at his brother's home in New York. The defendant had retired in 1937 and from that time until the car accident in Florida, in October 1939, which produced the suit, the defendant had lived most of the time in a house trailer traveling around the country. The court in upholding the service stated that the process "left at home of defendant's brother was left at defendant's 'usual place of abode.'" *Skidmore*, supra, at 529. There is little

---

3. We, of course, can only speculate that the appellant would have agreed that substituted service upon a landlord occupying the same building would have been valid. But regardless, we hold that service under that situation is undoubtedly good, and now we must determine whether the fact that the resident manager and the defendant resided in separate buildings requires a different result.

if any evidence in the reported case, however, that from 1937 on the defendant actually resided with his brother and his wife in New York. The court apparently felt that it was crucial to its decision that in each year, beginning with the 1937 purchase of the trailer, the defendant had put New York license plates on his car; and that he had used his brother's address in the license applications. The second finding would appear to be the only one of significance and is easily explained in light of the defendant's migratory life. Nevertheless, that court held that the requirements of 4(d) (1) were met.

■■ The above decisions, the relief available to a defendant under Rule 60 (b) of the Federal Rules of Civil Procedure,[4] and the remedial purpose of Rule 4(d) (1) convince this Court that a liberal construction of the rule is required where the defendant had notice of the suit. The judgment is

Affirmed.

---

4. A defendant can obtain relief under 60 (b) when a default judgment is entered "after service of process * * * sufficient to confer jurisdiction but of which the defendant had no actual notice without fault on his part * * *." 3 Barron & Holtzoff, Federal Practice & Procedure, § 1325, p. 404.