MEMORANDUM ORDER
HIRAM H. WARD, District Judge.
This matter is before the Court upon motion to dismiss the action on the grounds that no jurisdiction was obtained over the person of the defendant in that service of process was defective and not in conformity with Rule 4(d) (1) of the Federal Rules of Civil Procedure, 28 U.S.C. The defendant has filed a brief in support of his motion and the plaintiff responded, with brief. Neither party has requested oral argument under Local Rule 21(e)(1).
The action was commenced on June 29, 1972, to recover an alleged preference under Section 60(b) of the Bankruptcy Act, 11 U.S.C. § 96. The defendant answered on July 20, 1972, and as a Third Defense averred that “[t]he Court has not properly acquired jurisdiction over the person of the Defendant, and no sufficient service of process upon the Defendant has been made.” Magistrate Smith conducted the initial pre-trial conference on September 12, 1972, and ordered the defendant to file a formal motion within the next 45 days if he desired to pursue the jurisdictional defense. This required motion was timely filed.
The summons reveals that the defendant resides at 381 Harden Street, Gra *117 ham, North Carolina, and the “special instructions” on the summons indicates that the defendant “ . . . owns
and operates Stan’s Farm Market at 813 East Webb Avenue, Burlington, N. C.” The Deputy Marshal’s return indicates that the summons was served upon Mrs. S. M. Hudgins (wife), without indicating where service was obtained, although if served at the defendant’s “usual place of abode” all that would have been necessary to show such fact would have been for the officer to cheek an appropriate block adjacent to her name. An affidavit in support of the defendant’s motion to dismiss by Mrs. S. M. Hudgins, wife of the defendant, indicates that while she was working at Stan’s Farm Market, the Deputy Marshal inquired as to the whereabouts of her husband and, upon being informed that he was out of town, gave her “some papers in this case” to give to her husband. No affidavit contradicting this fact was filed by the plaintiff.
Rule 4(d)(1) of the Federal Rules of Civil Procedure provides that personal service upon an individual (other than an infant or incompetent person) may be made “ . . .by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . .”. Rule 4(d)(7) further provides that such service may likewise be obtained “. . .in the manner prescribed by the law of the state in which the service is made . . .”. This Court notes that Rule 4(d)(1) of the Federal Rules of Civil Procedure and Rule 4(j)(l)a. & b. of the North Carolina Rules of Civil Procedure are, for all practical purposes, identical.
Based upon the foregoing circumstances, the sole question presented is whether service of process complies with the provisions of Rule 4(d)(1). The answer is obviously in the negative.
In Cohen v. City of Miami, 54 F.R.D. 274 (D.C.S.D.Fla.1972), a doctor was - jrved by delivering the requisite papers to a secretary in his office at the city medical facility. The Court held that the service was patently inadequate to meet the Rule 4(d)(1) requirement that service be made upon a defendant “at his dwelling house or usual place of abode.” The North Carolina Supreme Court has held that delivering a copy of the summons and the complaint to the male defendant with instructions to him to deliver it to the feme defendant, his wife, is not valid service on the feme. Harrington v. Rice, 245 N.C. 640, 97 S.E.2d 239 (1957).
If actual notice has been received by the defendant, the courts are, and should be, reluctant to quash the service. The Fourth Circuit adopted a liberal rule of construction in the application of Rule 4(d)(1) in Karlsson v. Rabinowitz, 318 F.2d 666 (4th Cir. 1963). This does not mean, however, that the provisions of the Rule may be ignored if the defendant receives actual notice. As stated in Di Leo v. Shin Shu, 30 F.R.D. 56 (D.C.S.D.N.Y.1961):
While the Court agrees that Rule 4(d) (1) should be construed liberally to effectuate service where actual notice has been received by a defendant (Rovinski v. Rowe, 131 F.2d 687 (6th Cir. 1942)), nevertheless, it is necessary that the specific requirements for personal service under Rule 4(d)(1) be met. Berner v. Farny, 11 F.R.D. 506 (D.C.N.J.1951).
That the defendant’s wife in this ease was a “person of suitable age and discretion” and that the defendant actually received notice cannot be seriously questioned. But delivering a copy of the summons and a copy of the complaint to the defendant’s wife at his place of business rather than at “his dwelling house or usual place of abode” is woefully inadequate to meet the specific requirements of Rule 4(d)(1). If either the Congress or the North Carolina General Assembly had intended that service of process might be accomplished m that manner, it would have included a phrase, *118 “or at his office or principal place of business” in the language of this particular subsection of the rule. Indeed, legislative bodies may well have concluded that to do so would be unwise in that the courts, with already overcrowded dockets, would be required to spend as much time determining if service of process were valid as in determining the merits of the various cases involved. Since the Congress or legislature has not seen fit to make this change, it is not within the prerogative of the Courts to do so.
The defendant further objects to the jurisdiction of the Court with reference to the subject matter of this action. Having concluded that jurisdiction over the person of the defendant has not been acquired, this question becomes moot.
For the foregoing reasons, it is ordered that the motion to dismiss be treated as a motion to quash service and is allowed. It is further ordered that the complaint be, and the same hereby is, dismissed without prejudice.