**FRANKLIN AMERICA, INC., a Michigan corporation, Plaintiff,**

v.

**FRANKLIN CAST PRODUCTS, INC., a Rhode Island corporation, The Rhode Island Hospital Trust Company, a Rhode Island corporation, Richard Jordon and Larry Schwartz, jointly and severally, Defendants.**

**Civ. No. 81–73924.**

United States District Court, E. D. Michigan, S. D.

June 24, 1982.

Louis J. Burnett, David M. Black, Simpson, Moran & Burnett, Birmingham, Mich., for plaintiff.

Nancy L. Kahn, Erwin B. Ellman, Levin, Levin, Garvett & Dill, Southfield, Mich., for defendants.

MEMORANDUM OPINION AND ORDER QUASHING SERVICE ON DEFENDANT SCHWARTZ

COHN, District Judge.

I.

A.

Before the Court is a motion by defendant Larry Schwartz (Schwartz) to quash service of process, Fed.R.Civ.P. 12(b)(5), on the ground that he was not served pursuant to the requirements of Fed.R.Civ.P. 4(d)(1). Plaintiff has responded; the Court heard argument on April 12 and May 10, 1982.

For the reasons which follow, Schwartz's motion is granted.

## B.

Schwartz was first named as a defendant in plaintiff's First Amended Complaint filed on December 8, 1981; he was not named in the initial complaint filed on October 20, 1981. Plaintiff alleges Schwartz violated the Michigan Franchise Investment Act, M.C.L.A. § 445.1501 *et seq.*, in his capacity as an officer of Franklin Cast Products, Inc., a Rhode Island corporation, by making false statements or failing to state material facts in connection with the formation of a "franchise" agreement between plaintiff and Franklin Cast Products, Inc. in 1979 (First Amended Complaint ¶ 40–46).

The various affidavits [1] and the return of service regarding Schwartz establish the following facts:

1) The First Amended Complaint and a summons were served by a Deputy United States Marshal at Schwartz's residence in Warwick, Rhode Island on January 15, 1982.

2) Schwartz was travelling outside the United States on January 15, 1982.

3) Prior to the date of service, another Deputy United States Marshal had spoken by telephone to Schwartz's wife at the Schwartz residence. Upon being advised by the Deputy that he had papers to deliver to her husband, Mrs. Schwartz indicated that she worked during the day and was not normally at home, but that papers could be left with Mrs. Elizabeth Bannon, the Schwartzes' housekeeper.

4) The service on January 15, 1982 was performed by handing the papers to Mrs. Bannon.

5) Mrs. Bannon was employed part-time by the Schwartzes in January 1982 to perform housecleaning services at their home two or three days a week; she does not reside in the home.

6) Schwartz has never appointed an agent to receive service of process nor empowered anyone to appoint an agent for him.

7) Schwartz actually received the papers handed to Mrs. Bannon and thus has actual notice of this case.

## II.

Plaintiff argues that the service on Mrs. Bannon constitutes sufficient service on Schwartz under Fed.R.Civ.P. 4(d)(1),[2] which provides that service shall be made on an individual

"by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then *residing therein*, or by delivering a copy of the summons and of the complaint to an *agent authorized by appointment* . . . to receive service of process." (emphasis added)

Schwartz responds that service was invalid because (1) Mrs. Bannon was not "residing" in the Schwartz home in January 1982; and (2) Mrs. Bannon was not appointed by Schwartz as his agent to receive service of process.

## A.

The term "residing therein" is not defined in Fed.R.Civ.P. 4(d)(1). Plaintiff argues the term should be liberally interpreted to validate the service in light of the acknowledgement by Schwartz that he actually received the papers and thus has notice of this case. *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963) (liberally construing the phrase "dwelling house or usual place of abode"). As stated in *Nowell v. Nowell*, 384 F.2d 951, 953 (5th Cir. 1967), *cert. denied*, 390 U.S. 956, 88 S.Ct. 1053, 19 L.Ed.2d 1150 (1968):

---

1. Rather cryptic affidavits of Schwartz and his wife accompanied the motion to dismiss; a supplemental affidavit of Mrs. Schwartz was filed after the argument on April 12, 1982. Plaintiff filed an affidavit of Rodger Davis, the Deputy United States Marshal who served the papers, on April 7, 1982.

2. While Fed.R.Civ.P. 4(d)(7) authorizes service of process by any method prescribed by the law of the state in which the court sits, Michigan General Court Rule 105 does not provide for substituted service outside Michigan under these circumstances.

"The appropriate construction of Rule 4(d)(1) varies according to whether the defendant received notice of the suit. 4(d)(1) should be broadly construed where the defendant, as in this case, received notice of the suit. This rule of construction is, of course, subject to the limitation that the construction of the statute's language must be a natural rather than an artificial one ... the practicalities of the particular fact situation determine whether service meets the requirements of 4(d)(1)."

The parties have not cited nor has the Court located a case directly on point. The term "residing therein" has been broadly and naturally interpreted to apply to a landlord, *Smith v. Kincaid*, 249 F.2d 243 (6th Cir. 1957), an apartment manager, *Nowell, supra*, a housemaid whose usual place of residence was the defendant's home, *Lewis v. West Side Trust & Savings Bank*, 286 Ill.App. 130, 2 N.E.2d 976, 978 (1936), and a live-in maid, *Barclays Bank of New York v. Goldman*, 517 F.Supp. 403, 408, 413 (S.D.N.Y.1981). On the other hand, the term "residing therein" has been held not to encompass a janitor, *Zuckerman v. McCulley*, 7 F.R.D. 739, 741 (E.D.Mo.1948), or a ranch employee, *Gelderman & Co., Inc. v. Dussault*, 384 F.Supp. 566, 569 (N.D.Ill. 1974).

It appears the common theme in the cases is not only whether the defendant is reasonably likely to receive the papers served, but whether the person to whom they are handed is a full-time resident of the defendant's dwelling house or usual place of abode. *See* 2 *Moore's Federal Practice* ¶ 4.11[3] at 4–126. As C. Wright and A. Miller, 4 *Federal Practice & Procedure* § 1096 at 368–69 note:

" 'Residing therein' has long been held to require the recipient of the papers to be actually living in the same place as defendant. Thus, service on an employee of

defendant who spends only a part of his time at defendant's residence is defective ...."

*See also*: 62 Am.Jur.2d, *Process* § 102 at 887–88 (1972).

■ Here it is undisputed that Mrs. Bannon was a part-time housekeeper who did not live in the Schwartz home. She cannot be deemed to have been "residing therein" without placing an artificial construction on the language of the rule. *Nowell, supra*, 384 F.2d at 953. Thus Mrs. Bannon was not "residing" in the Schwartz home to properly accept service intended for Schwartz.

### B.

■ While Fed.R.Civ.P. 4(d)(1) authorizes service upon "an agent authorized by appointment ... to receive service of process", it is undisputed that Schwartz never so appointed Mrs. Bannon. Whether or not his wife appointed Mrs. Bannon as an agent for her husband by virtue of her telephone conversation with the Deputy United States Marshal is immaterial, since there is simply no evidence to indicate Schwartz ever gave his wife that power and an appointment must be made or authorized by the defendant. *Moore, supra*, ¶ 4.12 at 4–128; *Wright & Miller, supra*, § 1097 at 372. Thus the service cannot be upheld under Fed.R.Civ.P. 4(d)(1) on the theory that Mrs. Bannon was an agent authorized to accept service of process for Schwartz.

### III.

Plaintiff having cited no authority to uphold the service on Schwartz via Mrs. Bannon, the motion to quash is GRANTED. Plaintiff shall have thirty (30) days in which to re-serve Schwartz in accordance with Fed.R.Civ.P. 4(d) or the First Amended Complaint against him will be dismissed.[3]

SO ORDERED.

---

**3.** The Court enters the order quashing service of process on Schwartz reluctantly. While the Court's holding—that service on a part-time housekeeper does not comply with Fed.R.Civ.P. 4(d)(1) even where the defendant actually receives the papers—may seem an overly techni-

cal reading, the court is obligated to follow the rule; Congress has established the standard. *See Berner v. Farny*, 11 F.R.D. 506 (D.N.J. 1951). Resources and time could have been more effectively utilized had plaintiff attempted to re-serve Schwartz in a manner clearly autho-

rized by Fed.R.Civ.P. 4(d)(1) or perhaps by Schwartz's recognition that it is likely he will eventually be served if plaintiff perseveres.