[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court are Kiersten B. Geary's and Margaret R. Geary's ("Defendants"), motions to dismiss pursuant to R.C.P. 41(b)(2) for insufficiency of service of process. Defendants move this Court to dismiss Norman Marsocci's ("Plaintiff") complaint for failure to comply with Rules 3 and 4 of the Rhode Island Rules of Civil Procedure. Additionally, Kiersten Geary also moves this Court to dismiss the complaint on the ground that the statute of limitations bars the plaintiff's action. Defendant, Margaret Geary, has filed a limited special entry of appearance solely for the purpose of filing this motion to dismiss plaintiff's complaint. Plaintiff objects to defendants' motions to dismiss.
The relevant facts and travel of the case are as follows. Plaintiff commenced this action on August 27, 1991 by filing a complaint in Kent County Superior Court. The facts of the controversy involve an automobile accident that occurred on August 28, 1988. Margaret Geary was the owner of the vehicle that Kiersten Geary operated at the time of the accident.
The plaintiff was unsuccessful in serving the defendant Kiersten B. Geary, until on or about March 4, 1992. The defendant Kiersten B. Geary, moves to dismiss plaintiff's complaint on the grounds that plaintiff's delay in effectuating service was unreasonable. Alternatively, plaintiff objects to defendants' motions to dismiss on the grounds that the plaintiff's service upon the defendants was reasonable and diligent and that Margaret Geary received actual notice of the proceedings.
With regard to Commencement of an action, Rule 3 provides that an action is commenced by filing a complaint with the court together with payment of entry fee prescribed by law. . . . If the complaint is not timely filed, the action may be dismissed on motion and notice. . . . R.I.G.L. § 9-1-12 provides "An action is commenced for the purposes of the statute of limitations when the complaint is either filed with the clerk, deposited in the mail addressed to the clerk or delivered to an officer for service."
With respect to service of process, Rule 4(b) provides:
. . . . Service shall be as follows:
 . . . Upon an individual other than an incompetent person by delivering a copy of the summons and complaint to him or her personally or by leaving copies thereof at his or her dwelling house or usual place of abode with some person of suitable age and discretion then residing there in or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process provided that if the agent is one designated by statute to receive service such further notice as that statute requires shall be given.
R.C.P. 4 does not mandate a time period in which service must be made but implies that the plaintiff must issue summons within a reasonable time after filing the complaint and absent excusable delay. In Caprio v. Fanning and Doorley Construction Co.,104 R.I. 197, 199-200, 243 A.2d 738 (1968), the Court found where more than one year had elapsed from the time plaintiff filed her complaint to the time she issued process, and absent excusable delay, the delay was unreasonable. In Curtis v. DiversifiedChemical Propellants Co., 440 440 A.2d 747, 748 (R.I. 1982), the Court found the four-to-seven month delays to be unreasonable and inexcusable where plaintiffs presented no evidence to justify delay except for testimony that the attorneys wanted to serve all defendants at the same time.
In the case at bar, the constable did, as the evidence explains, have difficulty in obtaining an address of the defendant where the defendants could be served. The plaintiff has presented evidence explaining the delay in effectuating service of process, and showing due diligence in effecting service of process upon the defendants.
In a sworn affidavit, constable, Thomas Barrette, attested he had made numerous attempts since August 1991 to serve Kiersten B. Geary and Margaret R. Geary. He originally had tried to serve them at 76 Lloyd Drive, Coventry, Rhode Island. On October 29, 1991 the plaintiff sent a letter to the Postmaster in Coventry, Rhode Island to verify defendant's address only to learn that the forwarding address order had expired. Essentially, the constable had difficulty in serving both defendants because the forwarding order had expired and both defendants had moved. The constable subsequently checked the telephone book and the post office. The telephone book contained a listing for Kiersten and Renee Geary at 85 West Warwick Avenue, West Warwick, Rhode Island. The constable went to that address and learned Kiersten B. Geary had moved six months earlier. He then obtained a telephone number for Kiersten B. Geary, called her, and arranged service at 43 Pleasant Street, Warwick, Rhode Island. He served her on or about March 3, 1992. While he was at Kiersten Geary's residence, he advised her that he intended to serve her mother. Kiersten B. Geary indicated that her mother's address is 246 Hill Farm Road, Coventry, Rhode Island. The constable then gave Kiersten Geary a second copy of the summons and complaint to take to her mother.
Plaintiff's attorney had also contacted the defendants' insurer, the Worcester Insurance Company, seeking defendants' addresses. Worcester had no present address information for either defendant. The Worcester refused to accept service on behalf of the defendants. With respect to effectuating service, this Court concludes that the delay was not unreasonable.
With respect to insufficiency of service of process, defendant Margaret Geary contends that plaintiff failed to serve her personally or by leaving a copy of the summons and complaint at her dwelling or usual place of abode as Rule 4(d)(1) requires. Alternatively, plaintiff argues Margaret had actual notice of the proceeding and that Margaret neither claims she was prejudiced nor claims that she did not receive a copy of the summons and complaint.
With respect to service of process, in Plushner v. Mills,
___ R.I. ___, 429 A.2d 444 (1981), the defendant did not claim prejudice or lack of actual notice of the proceedings or failure to receive the papers in sufficient time to defend. The Court held that the Rules of Procedure may be interpreted broadly where the defendant has received actual notice of the lawsuit. In the case at bar, Mrs. Geary was not served personally or at her place of business. She did, however, receive actual notice of the complaint from her daughter. Although plaintiff's constable failed to serve Margaret personally or at her dwelling house or usual place of abode, the constable did give Kiersten Geary a second copy of the summons and complaint for her to give to her mother, defendant Margaret Geary.
Courts strictly construe legislative enactments relating to service of process, since jurisdiction of the court over the person of the defendant is dependent upon proper service having been made. Barthelein v. Ellis, 112 R.I. 646, 648, 314 A.2d 427 (1974). In Nowell v. Nowell, 384 F.2d 951 (1967) the Court, however, construed rule 4(d)(1) broadly where the defendant received actual notice of the lawsuit. The Court held that service of process was effective where the plaintiff served the defendant's landlord who resided in a different building than the defendant. The Court explained that the practicalities of the particular factual situation determine whether service meets the requirements of 4(d)(1). The Court, in Nowell, further explained that the provision concerning usual place of abode should be liberally construed to effectuate service if actual notice has been received by the defendant and in the last analysis, the question of service must be resolved by "what best serves to give notice to a defendant that he is being served with process considering the situation from a practical standpoint."Id. at 953 citing Rovinski v. Rowe, CCA 6th 1942, 133 (131) F.2d 687.
The Court, in Nowell, distinguished the case of DiLeo v.ShinShu, SD N.U. 1961, 30 F.R.D. 56 from Nowell, since service in DiLeo was left with another tenant rather than the landlord as in Nowell. The Court observed:
 The significance of this difference is that the substantial nexus that exists between tenant and landlord does not exist between tenant themselves . . . A tenant generally would be more likely to receive notice of a suit where process had been left with his landlord rather than another tenant. Nowell, 384 F.2d at 953.
In the case at bar, a substantial nexus exists between defendants to assume that service on Kiersten was reasonably calculated to give notice to Margaret as well as knowledge of the proceedings and an opportunity to be heard. Plushner v. Mills, ___ R.I. ___, 429 A.2d 444 (1981). Most importantly, plaintiff's counsel was in contact with defendants insurer on numerous occasions prior to filing the complaint. There were negotiations between the parties. There was no neglect by plaintiff's counsel. She filed the complaint when the defendants' insurer advised just before statute of limitations ran that there would be no settlement. Plaintiff's counsel has been diligent.
In the case at bar, the plaintiff's filing of the complaint on August 27, 1991, tolled the statute of limitations. The plaintiff effectuated service of process to the defendants on March 4, 1992, 7 months after filing the complaint. In Caprio,
the complaint was filed on the last day of the two year statute of limitations. The court held that the plaintiff tolled the statute of limitations in the action by having filed her complaint on February 3, 1966, the last day available to her under the statute.
After reviewing the memoranda and arguments of counsel, this Court finds that the filing of the complaint on August 27, 1991 tolled the statute of limitations and that the plaintiff exercised due diligence in effectuating service of process to the defendants on or about March 3, 1992. The constable issued process to Kiersten Geary within a reasonable time after plaintiff filed the complaint. In view of the difficulty plaintiff had in locating the Gearys, and the explanation for the delay, this Court finds that the delay was excusable.
With regard to the plaintiff's service upon Margaret Geary, adequate evidence exists to indicate she received actual notice of the lawsuit. This Court will construe rule 4(d)(1) broadly where Mrs. Geary received actual notice of the lawsuit.
Accordingly, this Court denies defendants' motion to dismiss.
Counsel will prepare the appropriate order for entry.