**Antoni GRONOWICZ, Plaintiff,**

v.

**Thomas LEONARD, Defendant.**

**No. 84 Civ. 4830 (DNE).**

United States District Court,
S.D. New York.

March 12, 1986.

---

**3.** For a more general view of Rule 11 see *Olga's Kitchen of Hayward, Inc. v. Dr. Michael Papo,* 108 F.R.D. 695 (E.D.Mich.1985).

Ramsey Clark, Lawrence W. Schilling and Weldon Brewer, New York City of counsel, for plaintiff.

Pollack & Kaminsky, New York City (Martin I. Kaminsky and Edward T. McDermott, of counsel), for defendant.

## OPINION AND ORDER

EDELSTEIN, District Judge:

Plaintiff, Antoni Gronowicz ("Mr. Gronowicz"), died on October 16, 1985. Counsel for plaintiff moved (1) for an extension of time to file a motion to substitute a proper party for the deceased plaintiff; and (2) to substitute Mr. Gronowicz's wife as plaintiff. Defendant has cross-moved to dismiss. The court reserves on counsel for plaintiff's motions. Defendant's motion is denied.

## BACKGROUND

This diversity action was filed on July 9, 1984. The case involves contracts for a movie based on Mr. Granowicz' book, God's Broker.[1] Mr. Gronowicz died on October 16, 1985. Counsel for plaintiff has moved for an extension of time to substitute proper parties pursuant to Rule 6 of the Federal Rules of Civil Procedure and has also moved to substitute Sophie Gronowicz ("Mrs. Gronowicz"), the wife of Mr. Gronowicz, as plaintiff in this action pursuant to Rule 25 of the Federal Rules of Civil Procedure. Defendant has cross-moved to dismiss, arguing that the motion to extend time and the motion for substitution were not made by a proper party and that the 90 day period for substitution provided by Rule 25 has lapsed.

---

**1.** Some of the details surrounding this controversial book may be gleaned from decisions in other litigation involving the book. *In re Grand Jury Matter (Gronowicz),* 764 F.2d 983 (3d Cir. 1985) (en banc), *cert. denied,* —— U.S. ——, 106 S.Ct. 793, 88 L.Ed.2d 770 (1986).

## DISCUSSION

### I. *Proper Party*

Plaintiff's counsel asserts that Mrs. Gronowicz is a proper party to be substituted pursuant to Rule 25. The basis for this assertion is that Mrs. Gronowicz is named in Mr. Gronowicz' will as his sole heir and executrix. Counsel has also indicated that the will has not been filed for probate nor has Mrs. Gronowicz been appointed as executrix. Affidavit of Lawrence W. Schilling Dated February 4, 1986 ¶ 6.

■■■ A distributee of an estate is a "proper party" under Rule 25(a) if the estate of the deceased has been distributed at the time the motion for substitution has been made. *Ashley v. Illinois Central Gulf Railroad Co.*, 98 F.R.D. 722, 724 (S.D.Miss.1983); *see McSurely v. McClellan*, 753 F.2d 88, 99 (D.C.Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985). An executrix is also a proper party. *See Al-Jundi v. Rockefeller*, 88 F.R.D. 244, 246 (W.D.N.Y.1980). Plaintiff's counsel has not indicated whether the estate has been distributed but stated that Mrs. Gronowicz could be appointed as executrix if "necessary or advisable." Thus, if the estate of Mr. Gronowicz has not been distributed and will not be distributed within 90 days, Mrs. Gronowicz should be appointed as executrix prior to being substituted pursuant to Rule 25.

■■ For Mrs. Gronowicz to be substituted, she must either notify the court that the estate has been distributed without being filed for probate or she must become appointed executrix of Mr. Gronowicz' estate. Should such distribution be made or Mrs. Gronowicz be appointed as executrix, the motion for substitution shall be granted. Under these circumstances, the court will reserve on counsel for plaintiff's motion.

### II. *Time for Substitution*

Defendant argues that since no proper party has moved to be substituted within the 90 day period for substitution required by Rule 25, the action must be dismissed. Although Mrs. Gronowicz may not have been a proper party at the time the motions were filed, this action need not be dismissed because the period for substitution has not run.

Rule 25 provides that the 90 period for substitution commences when "death is suggested upon the record by service of a statement of the fact of the death. Fed.R. Civ.P. 25(a). The court received a letter from defendant's counsel dated October 21, 1985 and a letter dated October 22, 1985 from Mr. Gronowicz' counsel.[2]

The October 21 letter provides in relevant part:

> We wrote plaintiff's counsel last week . . ., placing them on notice of our intention to seek sanctions. After that letter, plaintiff died. We understand that his death requires that the case be held in abeyance until an Executor or Administrator is appointed for plaintiff's estate and determines whether to proceed with the case.

The October 22 letter provides in relevant part:

> As we believe you are aware, our client Antoni Gronowicz, plaintiff in the captioned actions, died on Wednesday, October 16.
>
> [W]e anticipate that as the cause of action survives his death, his estate will be substituted as plaintiff in the action. It will naturally take some time for the family to make appropriate arrangements and to have a representative appointed for Mr. Gronowicz' estate. Once a representative has been appointed, we will confer with the representative and take appropriate action. We are mindful of the 90–day time limit provided by F.R. C.P. 25(a), and will make an appropriate request if additional time is needed.

---

**2.** The letter was from Philip R. Bryce on the letterhead of Jacobson & Bailin. Plaintiff's present attorney's were substituted for Jacobson & Bailin and Mr. Bryce by Order dated January 17, 1986.

To constitute a valid suggestion of death under Rule 25 and invoke the 90 day time limit, the suggestion of death must identify the representative or successor who may be substituted as a party, *McSurely,* 753 F.2d at 98; *see Al-Jundi,* 88 F.R.D. at 246, and it must be served and filed pursuant to Rule 5 of the Federal Rules of Civil Procedure, *Blair v. Beech Aircraft Co.,* 104 F.R.D. 21, 22 (W.D.Pa. 1984); *Mobile Oil Corp. v. Lefkowitz,* 454 F.Supp. 59, 70 (S.D.N.Y.1977). Neither of these letters identifies the representative or successor who may be substituted for Mr. Gronowicz, nor is there any indication that the letters were served and filed pursuant to Rule 5. Thus, no valid suggestion of death has been made and the 90 day period did not commence based on the letters.

While the letters do not satisfy the rule 25 requirements, the motion papers do. The 90 day period therefore commenced on January 21, 1986, the date that counsel for plaintiff's motions were filed.

To enable Mrs. Gronowicz to become a proper party under Rule 25, the notice discussed in Part I, *supra,* must be served on opposing counsel and filed within 90 days of this Opinion. Such a brief extension is warranted to "avoid the harsh and unfair results" under the former version of the rule. *Al-Jundi,* 88 F.R.D. at 247.[3] Further, extensions are to be liberally granted absent bad faith on the part of the movant or prejudice to the other parties to the suit, *National Equipment Rental Ltd. v. Whitecraft Unlimited,* 75 F.R.D. 507, 510 (E.D.N.Y.1977).[4] In this case an extension is appropriate.

## CONCLUSION

Pending notification by Mrs. Gronowicz regarding the distribution of the estate or

**3.** Defendant contends that the motion for an extension can only be made by a "proper party" under Rule 25. The court need not address this issue because an extension to the 90 day period, *Jones v. Siegfried Construction Co.,* 105 F.R.D. 491, 491–92 (W.D.N.Y.1984), as well as a substitution itself, *Blair,* 104 F.R.D. at 22, may be granted after the 90 period has run.

her appointment as executrix, the court shall reserve decision on the motion for substitution. Defendant's motion is denied.

SO ORDERED.

**4.** Defendant describes a number of acts on the part of plaintiff which he asserts prejudiced his defense and warrant the dismissal of the lawsuit. While these actions, if they occurred, may prejudice the defendant, these actions have no relationship to a delay in filing a motion for substitution.