**Joseph HARDY and Harvey L. Sherrod, Plaintiff,**

**v.**

**KASZYCKI & SONS CONTRACTORS, INC., et al., Defendants.**

**No. 83 Civ. 6346(CES).**

United States District Court,
S.D. New York.

Dec. 15, 1993.

Hall & Sloan by Wendy E. Sloan, New York City, for plaintiff.

Mait, Wang & Simmons by Robert Wang, New York City, for defendant Senyshyn.

## MEMORANDUM DECISION.

STEWART, District Judge:

Plaintiffs move, pursuant to Fed.R.Civ.P. 25(a)(1), to substitute Stella Senyshyn, as the representative of the Estate of John Senyshyn, as a defendant in place of John Senyshyn, who recently passed away. As set forth below, the motion is granted.

## BACKGROUND

The underlying facts of this case have been set forth in several prior opinions. *See, e.g., Diduck v. Kaszycki & Sons Contractors, Inc.,* 774 F.Supp. 802 (S.D.N.Y.1991). Familiarity with these opinions is presumed, and only those facts necessary to put the present motion in context will be discussed.

Plaintiffs' sixth cause of action alleges that John Senyshyn, as a trustee of the House Wreckers' Union Local 95 ("Local 95"), breached his fiduciary duties in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1104. Damages for such a breach are recoverable pursuant to 29 U.S.C. § 1109. In August of 1992, Mr. Senyshyn died intestate. As a result, plaintiffs seek to substitute the Estate of John Senyshyn (the "Estate") as a defendant. Plaintiffs attempted to serve Mr. Senyshyn's widow, Stella Senyshyn, who they contend is the representative of her husband's estate.

Under the intestate distribution statute, Ms. Senyshyn is the sole—or at least pri-mary—distributee of the Estate. N.Y.Est.Powers & Trusts § 4–1.1. Ms. Senyshyn, however, contends that no estate exists since her husband died without any assets. Senyshyn Aff. ¶ 3. Currently there is no administrator of the Estate, nor does it appear that Ms. Senyshyn or anyone else intend to move for the appointment of one. *Id.*

Plaintiffs respond to Ms. Senyshyn's contentions by pointing out that there are two Pension and Welfare Fund Fiduciary Responsibility Insurance Policies that covered Mr. Senyshyn. Together, the policies insured his activities as a trustee for both the Local 95 Pension Fund and the Local 95 Insurance Trust Fund. Both policies contain identical provisions that provide: "The insurance … shall also apply to the estates, heirs and personal representatives of persons insured hereunder." Sloan Reply Aff. ¶ 2, Ex. A. In the aggregate, the policies total eight million dollars. *Id.*

Ms. Senyshyn also contends that service of the motion papers was defective.[1] Plaintiffs tried to serve Ms. Senyshyn twice. According to the process server's affidavit, the initial attempt occurred on January 9, 1993 when an individual in Ms. Senyshyn's apartment—described as a caucasian female with brown hair of about 60 years of age, approximately 5'7" tall and weighing approximately 140 pounds—was given the motion papers. Senyshyn Aff.Ex. 1. However, Ms. Senyshyn maintains that the recipient could not have been her since she is 5'3" tall, weighs 175 pounds and has snow white hair. Senyshyn Aff. ¶ 2.

Plaintiffs second attempt to serve Ms. Senyshyn occurred in July and August of 1993. Personal service was attempted on July 30th at 7:05 pm, on July 31st at 7:50 am and on August 2 at 10:05 am and at 4:50 pm. Sloan Reply Aff.Ex. C (the "Feldman Aff."). On August 3rd at 12:20 pm, the process server affixed the motion papers on Ms. Senyshyn's apartment door. *Id.* The same day the process server mailed the subject papers to Ms. Senyshyn's address. *Id.* Finally, the

---

1. Fed.R.Civ.P. 25(a)(1) requires the motion for substitution to be served in accordance with Fed. R.Civ.P. 4.

same day the process server's affidavit of service was filed with the clerk of this Court.

## DISCUSSION

■ Fed.R.Civ.P. 25(a)(1) permits a court to dismiss an action against a deceased party if no motion is made to substitute within 90 days after the death is suggested on the record.[2] The suggestion of death is invalid unless it "identif[ies] the representative or successor who may be substituted as a party." *Gronowicz v. Leonard,* 109 F.R.D. 624, 627 (S.D.N.Y.1986) (citations omitted); *see generally* Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1955. Since no one formally represents the Estate, to date any suggestion of death is invalid. Nonetheless, a motion to substitute can be made before a valid suggestion of death has been made. *Dolgow v. Anderson,* 45 F.R.D. 470, 471 (E.D.N.Y.1968).

■ Ms. Senyshyn preliminarily contends that her husband's estate has no assets, and thus does not exist. This contention is incorrect; Mr. Senyshyn's estate does have assets. Specifically, these assets include two Pension and Welfare Fund Fiduciary Responsibility Insurance Policies that provide coverage not only to the insured, but also to the "estates, heirs and personal representatives" of the insured. Sloan Reply Aff. ¶ 2, Ex. A.

■ Ms. Senyshyn also maintains that she is not the representative of the Estate. Although Ms. Senyshyn has not been formally appointed as the representative of the Estate, several courts interpreting Fed.R.Civ.P. 25(a) have held that such formality is not required in certain situations. *See Gronow-*

*icz,* 109 F.R.D. at 626; *McSurely v. McClellan,* 753 F.2d 88, 97 (D.C.Cir.), *cert. denied,* 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985). These courts have stated that the "distributee of a distributed estate is a 'proper party' for substitution under Rule 25(a)(1)." *McSurely,* 753 F.2d at 99; *Gronowicz,* 109 F.R.D. at 626.

For instance, in *McSurely* two defendants had died; pursuant to the descendants' wills, their surviving spouses were named as executors and were to receive all the assets of the respective estates. Neither will was probated, and thus neither spouse was ever formally designated as the legal representative of the descendant. *McSurely,* 753 F.2d at 97. The court substituted the surviving spouses, and refused to require the plaintiffs to institute proceedings to name representatives of the estates. Such a requirement would "contravene the purpose of amended Rule 25(a)(1)," which sought to "dispel unwarranted rigidity and allow more flexibility in substitution." *Id.* at 98 (quoting *Rende v. Kay,* 415 F.2d 983, 986 (D.C.Cir.1969)). *See also Gronowicz,* 109 F.R.D. at 626 (implying that if estate had been distributed, the distributee would be a proper party).

The facts in the instant case are closely parallel to those in *McSurely.* Although Mr. Senyshyn died intestate, it is undisputed that Ms. Senyshyn is the sole—or at least primary—distributee of her husband's estate. Like the surviving spouses in *McSurely,* Ms. Senyshyn has not been formally named as the representative of her husband's estate. Nevertheless, since she is at least the primary distributee, this Court holds that for purposes of this case, Ms. Senyshyn is the representative of her husband's estate.[3]

---

2. Fed.R.Civ.P. 25 provides:

   (a) Death. (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of death as

   provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

3. A contrary holding would result in needless delay, prolonging a case that is already ten years old. As noted above, since there is no formal representative of the Estate, a valid suggestion of death could not yet have been made. To require the plaintiffs to petition the Surrogate's Court to appoint a representative, and thereafter renew their motion to substitute, is precisely the type of rigidity that contravenes the purposes of amended Rule 25(a)(1).

Consequently, pursuant to Fed.R.Civ.P. 25(a)(1), Ms. Senyshyn is the proper party to be substituted in this action.

Fed.R.Civ.P. 25(a)(1) also mandates that the motion for substitution be served on persons who are not parties to the action in accordance with the requirements of Fed. R.Civ.P. 4. Since Ms. Senyshyn was not a party to this action, plaintiffs were required to comply with this rule. As noted above, Ms. Senyshyn contends that service on her was improper, and thus this Court has no personal jurisdiction over her.

Fed.R.Civ.P. 4(c)(2)(C) provides that "[a] summons and complaint may be served ... (i) pursuant to the law of the State in which the district court" sits. Service is also permissible by the methods set forth in Fed. R.Civ.P. 4(d)(1). Plaintiffs attempted to serve Ms. Senyshyn two times. The first attempt was invalid since the affidavit of service indicated that the person served was not Ms. Senyshyn. Compare Senyshyn Aff. ¶ 2 and Senyshyn Aff.Ex. 1. Consequently, personal service pursuant to either N.Y.Civ. Prac.L. & R. 308(1) or Fed.R.Civ.P. 4(d)(1) was not effectuated.

■ Plaintiffs argue that the initial service was nonetheless valid since the recipient of the papers was of suitable age and discretion. However, service in this manner did not comply with the requirements of either N.Y.Civ.Prac.L. & R. 308(2) or Fed.R.Civ.P. 4(d)(1). Specifically, N.Y.Civ.Prac.L. & R. 308(2) requires not only that the recipient be of suitable age and discretion but also that a copy of the summons be mailed "to the person to be served at his or her last known residence or ... actual place of business." In this case, there was no such mailing. Service was also not effectuated pursuant to Fed.R.Civ.P. 4(d)(1) since no evidence indicates that the recipient was residing in Ms. Senyshyn's apartment. *See Franklin America, Inc. v. Franklin Cast Prods., Inc.,* 94 F.R.D. 645, 647 (E.D.Mich.1982) (Rule 4(d)(1) requires the recipient to live in the same place as the party to be served).

■ Plaintiffs second attempt at serving Ms. Senyshyn was valid pursuant to N.Y.Civ. Prac.L. & R. 308(4). This provision requires:

one, that with due diligence service has been attempted and has been unsuccessful under N.Y.Civ.Prac.L. & R. 308(1) & (2); two, that the document (in this case, the notice of motion) be affixed to the door of "either the actual place of business, dwelling place or usual place of abode"; three, that the document be mailed to the individual's last known residence or actual place of business; four, that the affixing and mailing occur within twenty days of each other; and five, that proof of such service be filed within twenty days of the affixing or mailing, whichever is later. In the instant case, plaintiffs complied with all five requirements.

■ The plaintiffs' process server, with due diligence, attempted to initially comply N.Y.Civ.Prac.L. & R. 308(1) & (2). The process server attempted to personally serve Ms. Senyshyn four separate times. Feldman Aff. Moreover, the process server attempted service during non-business hours. *Id.* More than two attempts, including some that are during non-business hours constitutes due diligence. *See State of N.Y. Higher Educ. Serv. Corp. v. Starr,* 115 A.D.2d 828, 829, 495 N.Y.S.2d 786, 787 (3rd Dep't 1985) (three attempts at service constitutes due diligence); *Cf. Barnes v. City of N.Y.,* 70 A.D.2d 580, 416 N.Y.S.2d 52, 54 (2d Dep't 1979), *aff'd,* 51 N.Y.2d 906, 434 N.Y.S.2d 991, 415 N.E.2d 979 (1980) (repeated attempts to serve only during business hours does not constitute due diligence).

Plaintiffs' process server also complied with the affixation and mailing requirements. Specifically, the process server's affidavit states that she posted the notice of motion on Ms. Senyshyn's door. Feldman Aff. This affidavit also indicates the process server mailed the notice of motion to Ms. Senyshyn at her address, and that such mailing occurred on the same day that the notice of motion was posted. *Id.* Finally, plaintiffs filed the proof of service within 20 days of the date the notice of motion was posted and filed. Since plaintiffs complied with all the requirements of N.Y.Civ.Prac.L. & R. 308(4), service upon Ms. Senyshyn was valid.

■ Ms. Senyshyn's final argument is that plaintiffs' cause of action against her

husband did not survive his death. Her argument is not persuasive. Absent a specific directive, federal common law generally determines whether a federal statutory cause of action survives the death of a party. *Smith v. No. 2 Galesburg Crown Fin. Corp.*, 615 F.2d 407, 413 (7th Cir.1980) (citations omitted). Pursuant to federal common law, actions that are penal in nature do not survive the death of a party. *Dolgow v. Anderson*, 45 F.R.D. 470, 471 (E.D.N.Y.1968). Conversely, actions that are remedial in nature generally do survive.[4] *Khan v. Grotnes Metalforming Sys., Inc.*, 679 F.Supp. 751, 756–57 (N.D.Ill.1988). It is well established that Congress intended ERISA to be remedial. *See* 29 U.S.C. § 1001(b) ("It is hereby declared to be the policy of this chapter to protect ... the interests of participants in employee benefits plans."). *See also Duchow v. New York State Teamsters Conference Pension & Retirement Fund*, 691 F.2d 74, 78 (2d Cir.1982), *cert. denied*, 461 U.S. 918, 103 S.Ct. 1902, 77 L.Ed.2d 289 (1983); *Khan*, 679 F.Supp. at 756–57. Plaintiffs ERISA claim therefore survives the death of Mr. Senyshyn.

### CONCLUSION

Plaintiffs motion to substitute Stella Senyshyn, as representative of the Estate of John Senyshyn, as a defendant in place of John Senyshyn is hereby granted. Plaintiffs shall file and serve an amended complaint with a caption that properly reflects this change.

SO ORDERED.

---

4. Remedial statutes generally redress individual wrongs, and recovery pursuant thereto runs to that individual. *Khan*, 679 F.Supp. 751 at 756. Plaintiffs' sixth cause of action is a class action, thus any recovery will inure to the class. Nonetheless, if the class is successful, the individual members will be entitled to a percentage of any recovery.