# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1964

_____

In re: Baycol Products Litigation          *
                                            *
_____            *
                                            *
Melinda Torres,                             *
                                            *
            Appellant,                      *     Appeal from the United States
                                            *     District Court for the
      v.                                    *     District of Minnesota.
                                            *
Bayer Corporation,                          *
                                            *
            Appellee.                       *

_____

Submitted: March 11, 2010
Filed: August 10, 2010

_____

Before RILEY, Chief Judge,[1] BRIGHT and WOLLMAN, Circuit Judges.

_____

RILEY, Chief Judge.

Melinda Torres filed an action against Bayer Corporation (Bayer) in Texas state court. Bayer removed the action to federal court. Three years later, Torres died. Torres's two daughters, Nicole Hampton and Stephanie O'Neal (collectively, appellants), moved to substitute for their mother as plaintiffs in this case. The district

_____

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

court denied the motion. Hampton and O'Neal appeal the district court's denial, and we reverse and remand to the district court for an evidentiary hearing.

## I. BACKGROUND

On April 16, 2003, Torres filed her original petition (later amended) alleging, among other things, she was a resident of Texas when her physician issued her a prescription for Baycol, a drug manufactured and sold by Bayer. Torres claimed the drug caused her "serious and permanent damaging injuries," and sued Bayer for (1) negligence in manufacturing the drug, and (2) strict products liability for a failure to warn and breach of warranty of merchantability. Bayer removed the case to the United States District Court for the District of Minnesota based upon diversity jurisdiction under 28 U.S.C. § 1332(a). Torres's case then was transferred to the "In re: Baycol Products" multi-district litigation. During the course of the litigation, Torres moved to California, where she died on or about April 3, 2007.

On April 5, 2007, Bayer filed a Fed. R. Civ. P. 25(a) notice, suggesting Torres had died. On July 10, 2007, Bayer filed a motion to dismiss "on the grounds that Ms. Torres [wa]s deceased and no motion to substitute parties was filed within 90 days as required by Federal Rule of Civil Procedure 25(a)(1)." On July 25, 2007, Torres's counsel filed an unopposed motion for enlargement of time to join the proper parties.

Torres's counsel filed a motion to substitute as plaintiffs "Nicole Hampton and Stephanie O'Neal, the natural daughters and sole heirs of the Deceased Plaintiff, Melinda Torres." Torres's counsel included with the motion a memorandum of law and a joint "affidavit of heirship" by Hampton and O'Neal. In their affidavit, Hampton and O'Neal swore they were Melinda Torres's "natural daughters" and only children. The district court found appellants "failed to demonstrate [they had] the legal right or authority to pursue Plaintiff's claims on her behalf," and provided appellants with 60 days "to submit evidence demonstrating that Nicole Hampton and Stephanie O'Neal are proper parties under [Fed. R. Civ. P.] 25."

Appellants responded to the district court's order by filing a "proof of heirship and/or status as distributees," along with a copy of appellants' birth certificates, and separate affidavits. The "proof of heirship" declared Torres died without a will, survived only by appellants—Torres's natural daughters, sole heirs, and sole distributees of Torres's estate. The filing further stated there was no need for an administration of Torres's estate because the pending action against Bayer was the only asset the estate possessed. Thus, appellants asked the district court to "accept the proof of heirship and [appellants'] status as sole distributees of" Torres's estate "without requiring an administration of" the estate. The attached affidavits stated Torres died without a will, appellants were Torres's daughters, and appellants could not afford the cost of pursuing a probate administration proceeding in California. The appellants both asked the district court to "enter an [o]rder recognizing our status as sole heirs and distributees of our mother" so they could substitute as plaintiffs in the case.

Once again, the district court found appellants' evidence insufficient to establish appellants were the proper parties for purposes of substitution. The district court declared "an affirmative statement that [Torres] had no other heirs" was "[n]otably absent from [appellants'] affidavits." The court was "particularly concerned by the lack of evidence as to . . . Torres'[s] marital status" at the time of her death. The district court concluded,

> Without affirmative evidence Torres has no other heirs or that no person has a superior right to commence the action or proceeding or to be substituted for the decedent in a pending action, see Cal. Code of Civ. P. § 377.32(5) and (6), the Court is not convinced [appellants] are proper parties for substitution.

The district court granted appellants another 60 days "to submit evidence establishing that [appellants] are proper parties under Rule 25. Specifically, . . . that [appellants]

are the sole heirs to . . . Torres'[s] estate, and that no other person has a superior right to be substituted in this action."

Appellants responded to the district court's order by submitting another filing for "further submission of proof of heirship and/or status as distributees." Appellants included with their filing (1) a letter their mother had written, presumably many years before her death, stating appellants were her only daughters, appointing a guardian over them, and noting the children grew up without a father; (2) an affidavit from a relative stating the letter was in Torres's handwriting; (3) a printed program from Torres's memorial service; and (4) appellants' joint affidavit. In their joint affidavit, appellants declared they were "the sole descendants of Melinda Torres and therefore the sole [d]istributees of her right to bring a law suit for personal injuries she suffered while she was alive and/or [for] her wrongful death."

Absent from appellants' joint affidavit was any discussion of their mother's marital status at the time of her death. The attached program from Torres's memorial service did include an obituary. The obituary stated Torres left behind her daughters, Hampton and O'Neal, and named several other relatives, but made no mention of a spouse. Appellants requested, if the district court found the filing and attached evidence insufficient to prove appellants' status as distributees, the "[c]ourt hold an evidentiary hearing to resolve any claims or suspicions by any party or authority that additional heirs of Melinda Torres exist."

On November 12, 2008, the district court denied appellants' motion to substitute as plaintiffs for their deceased mother, Melinda Torres. The district court noted appellants had previously "failed to provide sufficient proof pursuant to California law, that they had the legal right to pursue [Torres's] claims." The district court added, "In their latest submissions, the prospective plaintiffs did not submit any additional evidence addressing [Torres's] marital status or whether [Torres] had additional heirs besides [appellants]." The court then granted Bayer's motion to

dismiss Torres's case. Appellants moved for a new hearing, which the district court construed as a motion for reconsideration and denied. Hampton and O'Neal appeal the district court's denial of their motion for substitution and their motion to reconsider. Appellants also move to substitute as parties in this appeal.

## II. DISCUSSION

### A. Standard of Review and Applicable Law

Appellants argue the district court erred by requiring appellants to prove more than was necessary to satisfy the requirements of Fed. R. Civ. P. 25(a), and in denying their motion to substitute as plaintiffs. Pursuant to Fed. R. Civ. P. 25(a)(1), "If a party dies and the claim is not extinguished, the court may order substitution of the proper party." "A motion for substitution may be made by any party or by the decedent's successor or representative." Id. "We review district court determinations regarding substitution for an abuse of discretion." ELCA Enters. v. Sisco Equip. Rental & Sales, Inc., 53 F.3d 186, 190 (8th Cir. 1995). We review de novo the district court's interpretation of the law and Federal Rules of Civil Procedure. See Ind. Lumbermens Mut. Ins. Co. v. Timberland Pallet & Lumber Co., 195 F.3d 368, 374 (8th Cir. 1999).

### B. History of Fed. R. Civ. P. 25(a)(1)

Federal Rule of Civil Procedure 25 was promulgated by the Supreme Court in 1938. Rule 25(a)(1) was derived, in part, from 28 U.S.C. § 778, which provided, "When either of the parties, whether plaintiff or petitioner or defendant . . . dies before final judgment, the executor or administrator of such deceased party may, in case the cause of action survives by law, prosecute or defend any such suit to final judgment . . . ." 28 U.S.C. § 778 (1934), repealed by Revision Act of June 25, 1948, c. 646, 62 Stat. 993; see Fed. R. Civ. P. 25 advisory committee note to subdivision (a)(1). In contrast, Fed. R. Civ. P. 25(a)(1), both today and as initially promulgated, permits the decedent's successor or representative to move for substitution. When 28 U.S.C. § 778 was repealed as superseded by Fed. R. Civ. P. 25, the historical requirement that only an administrator or executor of a decedent's estate could substitute as plaintiff

was removed, and under the new federal rules, the proper party for substitution is the decedent's successor or representative.  See Sinito v. U.S. Dep't of Justice, 176 F.3d 512, 516 (D.C. Cir. 1999) (noting "the addition of the word 'successor' to the rule means that a proper party need not necessarily be the appointed executor or administrator of the deceased party's estate").

Despite this change, federal courts often strictly construed Fed. R. Civ. P. 25 to preclude substitution of parties.  See, e.g., Gertler v. United States, 18 F.R.D. 307, 308-09 (S.D.N.Y. 1955).  As a result, in 1963, the Supreme Court amended Rule 25(a)(1).  "The purpose of the 1963 amendments to Rule 25, which replaced a harsher prior rule regarding proper party plaintiffs, was 'to liberalize the rule and to allow flexibility in substitution of parties.'"  Sinito, 176 F.3d at 516 (internal marks omitted) (quoting McSurley v. McClellan, 753 F.2d 88, 98-99 (D.C. Cir. 1985) (per curiam)); see also Boggs v. Dravo Corp., 532 F.2d 897, 900 (3d Cir. 1976) (similar).

The language of Fed. R. Civ. P. 25(a)(1) is permissive.  Currently, Rule 25 provides, "If a party dies and the claim is not extinguished, the court may order substitution of the proper party."  This court has noted, "The decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if one of the parties so moves."  Froning's, Inc.v. Johnston Feed Serv., Inc., 568 F.2d 108, 110 n.4 (8th Cir. 1978).  However, the Advisory Committee on the 1963 amendments to Fed. R. Civ. P. 25 intended that motions to substitute be freely granted.  See Fed. R. Civ. P. 25, advisory committee note of 1963 ("A motion to substitute made within the prescribed time will ordinarily be granted, but under the permissive language of the first sentence of the amended rule ('the court may order') it may be denied by the court in the exercise of a sound discretion if made long after the death . . . and circumstances have arisen rendering it unfair to allow substitution.").

With this historical context in mind, we consider appellants' claim that they are the proper parties for substitution. It is well-established that a decedent's legal representative may substitute as plaintiff for the decedent in a cause of action. See, e.g., Mallonee v. Fahey, 200 F.2d 918, 919 (9th Cir. 1952); Graham v. Henderson, 224 F.R.D. 59, 64 (N.D.N.Y. 2004). It is not well-established, however, who may be considered the decedent's "successor" under Rule 25(a)(1), and therefore, also a proper party for purposes of substitution.

## C.     Relevant Cases

In a groundbreaking case, Rende v. Kay, 415 F.2d 983, 984 (D.C. Cir. 1969), the defendant died during litigation in the district court. The defendant's attorney continued to defend the action and filed a suggestion of death pursuant to Fed. R. Civ. P. 25(a)(1). Id. The defendant's will was filed in the state court, but no legal representative was appointed. Id. Time passed, and the defendant's attorney moved to dismiss the action because the plaintiffs had not moved to substitute a proper party for the defendant within the time allotted. Id. The Rende court considered the issue of proper parties, recognizing that although not applicable to the case, the addition of the word "successor" in Rule 25(a)(1) would encompass "the distributee of an estate that had been distributed" as a proper party. Id. at 985. The court continued by noting the plaintiffs' attorney knew the will had been submitted to probate, but had no knowledge of who would be appointed as the estate's legal representative. The court observed,

> The tactic of the defendant's attorney would place on plaintiff the burden, where no conventional representative was appointed for the estate in probate court, of instituting machinery in order to produce some representative of the estate ad litem, pending appointment of the representative contemplated by law of the domicile of the deceased.

Id. at 986. This, the court reasoned, was contrary to the purpose of the amendments to Rule 25, which were "intended to dispel unwarranted rigidity and allow more

-7-

flexibility in substitution." Id. For these reasons, the court concluded that "a suggestion of death [should] identify the representative or successor of an estate who may be substituted as a party for the deceased before Rule 25(a)(1) may be invoked by those who represent or inherit from the deceased." Id.

The Rende case established several principles which have been adopted and followed in later cases. See, e.g., Gronowicz v. Leonard, 109 F.R.D. 624, 626 (S.D.N.Y. 1986) ("A distributee of an estate is a 'proper party' under Rule 25(a) if the estate of the deceased has been distributed at the time the motion for substitution has been made."); Ashley v. Ill. Cent. Gulf R.R. Co., 98 F.R.D. 722, 724 (S.D. Miss. 1983) (noting the "'[s]uccessors' would be the distributees of the decedent's estate if his estate had been closed"). Many years after Rende, the D.C. Circuit expanded upon the Rende principles with McSurely, 753 F.2d at 98-99. In McSurely, the plaintiffs sued multiple defendants, two of whom later died. Id. at 97. Both decedents had wills which named their wives as executor and provided for the wives to receive all assets. Id. However, the wills were never probated, and the wives were never designated "legal representative[s]" of their husbands' estates. Id. The defendants claimed the widows could not be the proper parties for substitution. Id. at 98. The court rejected this claim, deciding the plaintiffs should not be required to "institut[e] machinery in order to produce some representative ad litem," in contravention of the purpose of amended Rule 25(a)(1) to permit more flexibility in substitution. Id. The court elected to construe Rule 25(a)(1) equitably and sensibly, and declared, despite the absence of a formal appointment or probate of the decedents' estates, the widows were the proper parties for substitution. Id. at 98-99. See also Kilgo v. Bowman Transp., Inc., 87 F.R.D. 26, 27 (N.D. Ga. 1980) (reaching a similar result).

In Hardy v. Kaszycki & Sons Contractors, Inc., 842 F. Supp. 713, 716 (S.N.D.Y. 1993), a district court evaluated a claim by a widow that she was not the proper party to substitute for her husband as the defendant in an ongoing action. The widow first claimed the estate had no assets; a claim the district court rejected because

the decedent's estate included two insurance policies in favor of the "estates, heirs, and personal representative" of the decedent. Id. The district court then rejected the widow's claim that she was not the representative of the estate, emphasizing, "Although [the decedent] died intestate, it is undisputed that [the widow] is the sole—or at least the primary—distributee of her husband's estate." Id. As a result, the court refused to permit the case to be prolonged any further, and found the widow to be the proper party for substitution under the unique facts of the case. Id. at 716-17 & n.4.

Together, these cases demonstrate, under certain circumstances, a person may be a "successor" under Rule 25(a)(1) if she is (1) the primary beneficiary of an already distributed estate, see Rende, 415 F.2d at 985; (2) named in a will as the executor of the decedent's estate, even if the will is not probated, see McSurely, 753 F.2d at 98; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated, cf. Hardy, 842 F. Supp. at 716.

### D. Procedural v. Substantive

"It is, of course, well-settled that in a suit based on diversity of citizenship jurisdiction the federal courts apply federal law as to matters of procedure but the substantive law of the relevant state." Hiatt v. Mazda Motor Corp., 75 F.3d 1252, 1255 (8th Cir. 1996) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)). Rule 25(a)(1) is a procedural rule. See Downie v. Pritchard, 309 F.2d 634, 635 (8th Cir. 1962) ("Rule 25(a)(1) is merely a formula used to fascilitate the closing of a decedent's estate within a reasonable time. Surely this is a rule of procedure."). "It does not provide for the survival of rights or liabilities but merely provides the method by which the original action may proceed if the right of action survives." Id. (quoting Pritchard v. Downie, 201 F. Supp. 893, 897 (E.D. Ark. 1962)). Thus, in a diversity case, we look to state substantive law to determine whether the cause of action survives. See Ransom v. Brennan, 437 F.2d 513, 520 (5th Cir. 1971). Neither party contends Torres's causes of action were extinguished upon her death. Assuming then,

without deciding, that Torres's claims continued, we must consider whether the district court correctly determined appellants were not proper parties for substitution.

Rule 25(a) is a procedural rule setting forth the proper method for the substitution of parties, and federal courts must apply federal rules, rather than state law, in determining the proper procedure for substitution following a party's death. See Servidone Const. Corp. v. Levine, 156 F.3d 414, 416 (2d Cir. 1998). Cf. Kuelbs v. Hill, ___ F.3d ___, ___, No. 09-2697, 2010 WL 2977412, at *3-4 (8th Cir. July 30, 2010) (discussing substitution under Rule 25(b) for an incompetent party and the real party in interest under Rule 17(a)). This is true even if the court must apply state substantive law, see Servidone Const. Corp., 156 F.3d at 416, or where the state procedural rules are inconsistent with federal law, see Ransom, 437 F.2d at 520. While it is often said that Rule 25 is strictly procedural, see, e.g., Roberson v. Wood, 500 F. Supp. 854, 858 (S.D. Ill. 1980), some courts and commentators have recognized, in many instances, state law governs *who* can be a "representative" or "successor," and therefore, who can qualify as a proper party for substitution under Rule 25(a)(1). See, e.g., Madison v. Vintage Petro., Inc., 872 F. Supp. 340, 341-43 (S.D. Miss. 1994) (applying state law to determine the proper party for substitution); 6 James Wm. Moore et al., Moore's Federal Practice ¶ 25.12[3] (3d ed. 2010) (extrapolating, without citation, that "[w]hether a person is a proper party is . . . a substantive rather than procedural question and is determined according to state law"). Because we conclude California law applies to the limited substantive question of who may constitute a successor in this case, we review the relevant California Code provisions.

### E.     California Law on Substitution

Section 377.31 of the California Code of Civil Procedure states, "On motion after the death of a person who commenced an action or proceeding, the court shall allow a pending action or proceeding that does not abate to be continued by the decedent's personal representative or, if none, by the decedent's successor in interest."

This provision is similar to Fed. R. Civ. P. 25(a)(1). The California Code of Civil Procedure, unlike the Federal Rules, provides a definition of who may be considered a decedent's successor. "For the purposes of this chapter, 'decedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Proc. Code § 377.11. Together, these California code provisions answer the substantive question of who is a "successor" and thereby, a proper party for substitution in a cause of action. Under California law, a successor is defined as "the beneficiary," and for purposes of Fed. R. Civ. P. 25(a)(1), this is the end of the inquiry under California law.

As a *procedural* matter, in California a "successor" who seeks to continue a decedent's cause of action must execute and file an affidavit or a declaration setting forth all of the following:

(1) The decedent's name.

(2) The date and place of the decedent's death.

(3) "No proceeding is now pending in California for administration of the decedent's estate."

(4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.

(5) Either of the following, as appropriate, with facts in support thereof:

(A) "The affiant or declarant is the decedent's successor in interest . . . and succeeds to the decedent's interest in the action or proceeding."

(B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest . . . with respect to the decedent's interest in the action or proceeding."

(6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."

(7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."

Cal. Civ. Proc. Code § 377.32. The district court erred in relying upon this California procedural statute when it first declared, "Without affirmative evidence [Torres] has no other heirs or that no person has a superior right to commence the action or proceeding or to be substituted for the decedent in a pending action . . . , the Court is not convinced that [appellants] are the proper parties for substitution." In its next order, the district court denied the motion to substitute and dismissed the action, finding appellants had failed to prove Torres was not married at the time of her death, and that appellants were the only heirs.

The procedural nature of Cal. Civ. Proc. Code § 377.32 is readily apparent under an <u>Erie</u> analysis. Although two possible tests may be applied to determine whether this California Code provision is procedural, both tests lead to the same conclusion. First, under <u>Hanna v. Plumer</u>, 380 U.S. 460 (1965), and its progeny, the Supreme Court has made clear "that if a matter is covered by a Federal Rule the federal courts must apply the Rule without regard to whether the matter might arguably be labeled as substantive or procedural." <u>Hiatt</u>, 75 F.3d at 1258. In this case, Fed. R. Civ. P. 25(a)(1) governs the proper procedure for motions to substitute, and we will not apply a contrary or more restrictive state rule setting forth how a motion should be drafted, or what must be addressed in a supporting affidavit. See <u>Hanna</u>, 380 U.S. at 471; <u>Servidone Const. Corp.</u>, 156 F.3d at 416; <u>Ransom</u>, 437 F.2d at 520.

-12-

Under this analysis, the district court was bound to apply the Federal Rule unless it contravened the Rules Enabling Act or the Constitution, see Hanna, 380 U.S. at 470-71. The Federal Rule is presumptively valid. See Burlington N. R.R. Co. v. Woods, 480 U.S. 1, 6 (1987).

We reach the same result under a traditional Erie analysis. In circumstances where "there is no direct conflict between the Federal Rule and the state law, the Hanna analysis does not apply." Walker v. Armco Steel Corp., 446 U.S. 740, 752 (1980). One could argue there is no direct conflict between Fed. R. Civ. P. 25(a)(1) and the California Code provision because the Federal Rule does not contain an affidavit requirement, and therefore, the scope of the Federal Rule is more limited than the California Code Section at issue. See Hanna, 308 U.S. at 470-71. Under this scenario, we must determine whether the California Code provision is substantive or procedural, and to do so, we apply the outcome determinative test first articulated in Guaranty Trust Co. of N.Y. v. York, 326 U.S. 99, 109-10 (1945). "The 'outcome-determination' test . . . cannot be read without reference to the twin aims of the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." Hanna, 308 U.S. at 468.

In Iovino v. Waterson, 274 F.2d 41, 45 (2d Cir. 1959), the Second Circuit considered whether Fed. R. Civ. P. 25(a)(1) should permit a foreign administrator to substitute for a decedent despite state law prohibiting the substitution. The Second Circuit declared, "We are dealing with a subject-matter which, though 'outcome determinative' has long been regarded as procedural by lawyers, by legislators, and by the Supreme Court itself." Id. at 48. The Iovino court continued, "it would seem highly unlikely that differences in Federal and state rules as to revivor would lead to. . . forum shopping . . . ." Id. at 48 n.5. We agree with the Second Circuit's conclusion. When determining whether application of a particular state rule would be outcome determinative and impact the choice of forum, courts must look to whether application of the federal rule would impact a litigant's choice of either a

state or federal forum at the outset of the litigation. See Hanna, 308 U.S. at 469. We believe it is highly unlikely that plaintiffs, when determining whether to file an action in state or federal court, or defendants, when determining whether to remove an action from state to federal court, will ponder the likelihood of the death of a party and whether it would be easier for the party's decedent to file a motion for substitution under state or federal law. Further, under the interest-balancing approach advocated in Byrd v. Blue Ridge Rural Elec. Coop., 356 U.S. 525, 537-38 (1958), we conclude the interests of federal courts in regulating the proper procedure for substitution and ensuring decedent's interests are protected outweigh California's interest in ensuring specific language is used in an affidavit. See Sinito, 176 F.3d at 515 (observing "[t]he federal courts have institutional interests of their own in regulating the substitution of qualified parties"). Thus, regardless of which application of the Erie doctrine we use, under our Rule 25(a) analysis we conclude Cal. Civ. Proc. Code § 377.32 is a state procedural rule.

The district court abused its discretion in relying upon Cal. Civ. Proc. Code § 377.32, a state procedural rule, and in dismissing this action without conducting an individualized analysis under the unique facts of this case. Section 377.32 of the California Code of Civil Procedure does not provide *who* is a proper party for purposes of substitution, but *how* someone, already defined as a "successor," should proceed in order to continue a pending action. The question of *who* is a proper party is a substantive issue, for which we must rely upon state law. In contrast, the method by which one must proceed as the successor to establish a right to substitution is procedural, and is governed by federal law. See U.S. for Use of Acme Granite & Tile Co. v. F.D. Rich Co., 441 F.2d 1143, 1144 (9th Cir. 1971) (per curiam); Ransom, 437 F.2d at 520 (quoting 3B Moore's Federal Practice at ¶ 25.04) ("Since Rule 25 is a valid procedural rule, it therefore follows that the terms of Rule 25, and federal court decisions interpreting its meaning, control the manner of effecting substitution in the federal courts. And conflicting state law dealing with the manner of effecting substitution in state court should not prevail over the requirements of Rule 25.").

-14-

## F.    Instructions on Remand

In the typical case, the proper party would be "the representative of the decedent's estate who has been appointed under state law."  6 James Wm. Moore et al., Moore's Federal Practice ¶ 25.12[3] (3d ed. 2010).  Where there is no appointed representative, and no practical need to seek one, the district court should conduct a more detailed analysis.[2]  Because the purpose of Rule 25(a)(1) is to protect the estate of the decedent, district courts must ensure only "those individuals who can adequately represent the interests of the deceased party" are substituted under the Rule.  Sinito, 176 F.3d at 516.  District courts should therefore look at the facts and circumstances of each case and then determine whether the person moving to substitute will sufficiently prosecute or defend the action on the decedent's behalf.

On remand, the district court here should hold an evidentiary hearing to determine whether appellants are proper parties for substitution in this case.  The district court must first look to California law to answer the substantive question of whether appellants qualify as successors.  Section 377.11 of the California Code of Civil Procedure defines a successor in interest as "the beneficiary of the decedent's estate."  Thus, the district court must determine whether appellants qualify as "the beneficiar[ies]" under California law.

Having resolved the issue of who may be a proper party under applicable state law and Fed. R. Civ. P. 25(a)(1), it is for the district court to determine, without reference to Cal. Civ. Proc. Code § 377.32, whether appellants have met the

---

[2]In conducting this analysis, district courts should not ignore the distinction between motions to substitute as plaintiffs, and motions to substitute for defendants. See Saylor v. Bastedo, 623 F.2d 230, 237 (2nd Cir. 1980) (recognizing the purpose of Rule 25 "is to promote the prompt settlement and distribution of the estate of deceased *defendants*," and suggesting, "it is difficult to imagine a case where discretion might properly be exercised to deny a motion to substitute for a deceased *plaintiff* made within the rule's time limits" (emphasis added)).

procedural requirements of Fed. R. Civ. P. 25(a)(1). Neither Congress, nor the federal courts, have set forth clear requirements of exactly what one must do to prove he or she is the decedent's successor. See, e.g., Marcano v. Offshore Venez. C.A., 497 F. Supp. 204, 207 (E.D. La. 1980) (confessing the court was unable to find "any cases discussing the procedure of how one becomes legal representative under Fed. R. Civ. P. 25(a)(1)"). As discussed in subsection II.C of this opinion, federal courts have analyzed Rule 25(a)(1) and have found what circumstances must exist for a person to be a successor under Fed. R. Civ. P. 25(a)(1), and thereby a proper party for substitution. The district court should look to these and other relevant federal cases for guidance in determining whether appellants can demonstrate they are the proper parties for substitution in this case, keeping in mind Rule 25(a)(1) should be applied liberally and flexibly to permit substitution of the party or parties who, as plaintiffs, would adequately represent Torres's interests. See Sinito, 176 F.3d at 516. We hesitate to limit further the district court's discretion.

### G.   Remaining Issues

Because we reverse and remand with respect to the substitution issue, we decline to consider appellants' additional argument that the district court erred in denying appellants' motion to reconsider. We also decline to consider appellants' motion to substitute as parties in this appeal, because our resolution of the issues on appeal renders such consideration premature and unnecessary.

## III.   CONCLUSION

We reverse the district court's denial of appellants' motion for substitution, and remand for further proceedings consistent with this opinion.

_____