Ralph NATALE, Kirk Conaway, Roy Kohn, and David Perez, as Trustees of the IBT Local 868 Pension Fund and The IBT Local 868 Pension Fund, Plaintiffs,

v.

COUNTRY FORD LTD. d/b/a/ Country Ford d/b/a Country Ford Motors, d/b/a Country Motors, Ltd and Vincent Caruso, Defendants.

No. 10–cv–4128 (ADS)(GRB).

United States District Court, E.D. New York.

Oct. 6, 2012.

**136**

Campbell & Associates, P.C. by Daniel T. Campbell, Esq., Susan M. Bruno, Esq., of Counsel, Floral Park, NY, for the Plaintiffs.

No Appearance, for Country Ford LTD, Vincent Caruso.

## ORDER

SPATT, District Judge.

This action was commenced by the Plaintiff Funds on September 7, 2010, to compel the Defendants to pay withdrawal liability assessed against Country Ford pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145, and 1451, in the amount of $92,435.00. On November 3, 2010, the Court noted the default of one of the Defendants, Vincent Caruso. Thereafter, on February 25, 2011, the Court entered a default judgment against Vincent Caruso, with the amount of damages to be determined by United States Magistrate Judge Arlene R. Lindsay, following an inquest as to damages; reasonable attorneys' fees, if appropriate; and costs. This inquest as to damages and attorneys' fees is currently pending before the newly assigned Magistrate Judge Gary R. Brown.

However, on February 2, 2012, the Plaintiffs informed the Court that one of the defaulting Defendants, Vincent Caruso, passed away on January 18, 2012. At that time, the Plaintiffs indicated their intent to look to Vincent Caruso's estate to satisfy the judgment. On February 18, 2012, this Court issued an Order stating that it could not continue with an inquest as to damages against Vincent Caruso until the Plaintiffs followed proper procedures to substitute an appropriate party pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 25(a).

After several procedurally defective attempts to substitute Vincent Caruso's family members in his place as a defendant in this litigation, presently before the Court is another motion by the Plaintiffs to substitute this party. In particular, on June 4, 2012, the Plaintiffs filed a motion to substitute the individuals Carol Caruso, Pam Pryor, Sue Ann Caruso, Carolyn Sosa, and Michael Caruso, individually and as Executor of the estate of Vincent Caruso, as Defendants in place of the deceased Defendant Vincent Caruso.

■ As an initial matter, a motion to substitute a party cannot be made until after a formal written statement of fact of death has been filed with the Court and served on the involved parties. *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469–70 (2d Cir.1998); Moore's Federal Practice § 25.13[1], [2][b] (3d ed. 2008) (Rule 25 "implies that the statement noting the death of a party . . . must be a formal, written document that is both served on the appropriate persons and filed with the court."); *see also* Fed.R.Civ.P. 25(a)(3) ("A statement noting death must be served in the same manner" as a motion to substitute, which "must be served on the parties as provided in Rule 5."). The Plaintiffs have now filed and served the requisite Suggestion of Death. (*See* Docket Entry No. 50.) Therefore, this requirement has been fulfilled.

■ However, that does not end the relevant inquiry. When determining a motion to substitute a party, a Court must decide not only whether the motion is timely and whether the movant's claims have not been extinguished by the death—neither of which is at issue here—but also whether the movant proposes a proper party for substitu-

tion. *See Roe v. City of New York*, No. 00 Civ. 9062, 2003 WL 22715832, at *3 (S.D.N.Y. Nov. 19, 2003). Originally, the Plaintiffs' stated intention was to substitute "the Estate of Vincent C. Caruso" in place of Vincent Caruso. However, the Court deemed that insufficient. "The estate of a deceased party is not a proper party under Rule 25. . . . A proper party under Rule 25 must be a legal representative of the deceased." *J.K. v. Springville–Griffith Inst. C. Sch. Dist. Bd. of Educ.*, No. 02 Civ. 765, 2005 WL 711886, at *5 (W.D.N.Y. March 28, 2005). As the Court stated in a previous order, proper parties would include "either (1) a successor of the deceased party—a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party—a person lawfully designated by state authority to represent the deceased's estate." *Roe*, 2003 WL 22715832, at *2.

In the present application to substitute, the Plaintiffs have now given the Court additional pertinent facts and documentation. The Plaintiffs have provided the Court with a Petition for Probate and Letters Testamentary filed with the Nassau County Surrogate's Court by Michael Caruso. This Petition shows that Vincent Caruso's son, Michael Caruso, was named as Executor of Vincent Caruso's estate in his will. In addition, it lists Vincent Caruso's wife Carol and their four children, Pamela Pryor, Carolyn Sosa, Michael Caruso, and Sue Ann Caruso Gardner, as distributees pursuant to §§ 4–1.1 and 4–1.2 of the New York Estate Powers and Trust Law ("EPTL"). Finally, this Petition states that to the best of the knowledge of the undersigned—Michael Caruso—the approximate total value of all property constituting the decedent's gross testamentary estate is $0.

Based upon the information contained in this document, the Plaintiffs are seeking to substitute in Vincent Caruso's place as defendants in this action: (1) Michael Caruso, as Executor of the decedent's estate; and (2) Carol Caruso, Pamela Pryor, Carolyn Sosa, Michael Caruso, and Sue Ann Caruso Gardner, as distributes of the decedent's estate.

Specifically with regard to Vincent Caruso's spouse and issue, the Plaintiffs contend that because the estate is listed as having no assets, they are the "likely distributees of any assets that were transferred by Vincent Caruso outside of his estate." (Pl. Mem. at 1.)

■ The language of Fed.R.Civ.P. 25(a)(1) is permissive. It provides: "If a party dies and the claim is not extinguished, the court *may* order substitution of the proper party." Fed.R.Civ.P. 25(a)(1). As one circuit court has noted, "[t]he decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if one of the parties so moves." *Froning's, Inc. v. Johnston Feed Serv., Inc.*, 568 F.2d 108, 110 n. 4 (8th Cir. 1978). However, the Advisory Committee on the 1963 amendments to Fed.R.Civ.P. 25 intended that motions to substitute be freely granted. *See* Fed.R.Civ.P. 25, advisory committee note of 1963 ("A motion to substitute made within the prescribed time will ordinarily be granted, but under the permissive language of the first sentence of the amended rule ('the court may order') it may be denied by the court in the exercise of a sound discretion if made long after the death . . . and circumstances have arisen rendering it unfair to allow substitution."). "Whether a person is a proper 'successor or representative' of the decedent is determined by New York law." *Garcia v. City of New York*, No. 08 Civ. 2152, 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009); *see also Graham v. Henderson*, 224 F.R.D. 59, 64 (N.D.N.Y.2004) ("The law of the forum state determines the capacity of the parties to sue and be sued. . . .").

■ With regard to Michael Caruso in his capacity as Executor of Vincent Caruso's estate, there is no question that as Executor of the decedent's estate, he is a proper party for substitution. *Graham*, 224 F.R.D. at 64 ("A 'representative' of the deceased party's estate is a proper party for substitution.").

New York law defines a "personal representative" as "a person who has received letters to administer the estate of a decedent. . . ." N.Y. E.P.T.L. § 1–2.13. *See Allen ex rel. Allen*, Nos. 09 Civ. 668, 10 Civ. 1319,

2011 WL 5117619, at *4 (E.D.N.Y. Oct. 25, 2011) (Spatt, J.) (holding that under New York law, "a 'representative' is usually the appointed administrator or executor of the decedent's estate."); *Garcia,* 2009 WL 261365, at *1 ("A 'representative' is defined as a person who has received letters to administer the estate of the decedent, usually the appointed administrator or executor of the decedent's estate."); *Shapiro v. United States,* No. 07 Civ. 161, 2008 WL 4302614, at *1 (S.D.N.Y. Sept. 17, 2008) ("To qualify as the representative of the decedent's estate under New York law, the individual seeking substitution must have received letters to administer the estate of the decedent."); *Graham,* 224 F.R.D. at 64 (holding that under New York law, "the representative is usually either the appointed administrator or executor of the decedent's estate."). Any person to whom letters of administration have been issued is known as an "administrator" under New York law. N.Y. S.C.P.A. § 103(2). Any person to whom letters testamentary have been issued is known as an "executor" under New York law. N.Y. S.C.P.A. § 103(20).

Here, the Plaintiffs have provided the Court with a Petition for Probate and Letters of Testamentary, which lists Michael Caruso as the Executor named in Vincent Caruso's will. The Court finds this to be sufficient to order the substitution of Michael Caruso, as Executor of the Estate of Vincent Caruso, in place of Vincent Caruso as a defendant in the instant action.

■ With regard to the decedent's wife and four children—whether they are "distributees" of the estate and appropriate parties for substitution—is a more complicated question. According to the Plaintiffs, because the estate is listed in the probate petition as having no assets, it is likely that any assets Vincent Caruso had were passed outside of probate to his heirs.

New York law defines "distributee" as "a person entitled to take or share in the property of a decedent under the statutes governing descent and distribution." N.Y. E.P.T.L. § 1–2.5; *see also* N.Y. S.C.P.A. § 103(14). Section 4–1.1 of the New York Estates, Powers and Trusts Law governs descent and distribution of a decedent's estate in New York. Section 4–1.1 provides, in relevant part, that distribution of the property of a decedent not disposed of by will shall be "fifty thousand dollars and one-half of the residue to the spouse, and the balance thereof to the issue by representation", where, as here, the decedent is survived by issue and by spouse. N.Y. E.P.T.L. § 4–1.1(a)(1). Thus, it is certainly true that both Caruso's wife and his four children could potentially qualify as "distributees" of his property. *Hardy v. Kaszycki & Sons Contractors Inc.,* 842 F.Supp. 713 (S.D.N.Y.1993) (recognizing that a distributee may be substituted for the decedent).

The hurdle that the Plaintiff cannot overcome is that a number of courts have determined that a distributee is not a "proper party" for purposes of substitution until the estate has been fully distributed. *See Grass Valley Terrace v. United States,* 69 Fed.Cl. 506, 510–511 (Fed.Cl.2006) (citing cases) (*see, e.g., McSurely v. McClellan,* 753 F.2d 88, 99 (D.C.Cir.1985) (affirming the substitution of the distributees and stating that "the distributee of a *distributed* estate is a 'proper party' for substitution under Rule 25(a)(1)") (emphasis added); *Rende v. Kay,* 415 F.2d 983, 985 (D.C.Cir.1969) (stating that "[t]he addition of 'successor' in the Rule would take care of the case of, say, the distributee of an estate that had been *distributed* ") (emphasis added); *Graham v. Henderson,* 224 F.R.D. 59, 64 (N.D.N.Y.2004) (stating that "[a] successor of the deceased party is a 'distributee' of the decedent's estate *if the decedent's estate has been distributed* at the time the motion for substitution has been made") (citations omitted) (emphasis added); *Gronowicz v. Leonard,* 109 F.R.D. 624, 626 (S.D.N.Y. 1986) (holding that "[a] distributee of an estate is a 'proper party' under Rule 25(a) if the estate of the deceased *has been distributed* at the time the motion for substitution has been made"); *Ashley v. Ill. Cent. Gulf R.R. Co.,* 98 F.R.D. 722, 724 (D.C.Miss.1983) (citations omitted) (emphasis added) (stating that "[u]nless the estate of a deceased party *has been distributed* at the time of the making of the motion for substitution, the 'proper' party for substitution would be either the executor

or administrator of the estate of the deceased. 'Successors' would be the distributees of the decedent's estate *if his estate had been closed.*") (emphases added)).

The Court is persuaded by the findings in these cases. "Requiring the full distribution of an estate before a distributee may act as a substitute ensures that the distribution is final and not subject to any alterations. In addition, it ensures that the substituted party is in fact legally entitled to the interests at issue." *Grass Valley Terrace,* 69 Fed.Cl. at 511.

Here, the critical issue is that the Plaintiffs have not submitted to the Court any proof that the estate has been distributed. *See Lungu v. New Island Hosp./St. Joseph Hosp.,* No. 11 Civ. 0755, 2012 WL 2050205, at *6 (E.D.N.Y. June 04, 2012) ("In any event, absent evidence that the proceeds of plaintiff's estate have been distributed, Mulenga cannot be considered plaintiff's 'successor' for purposes of Rule 25(a)(1) of the Federal Rules of Civil Procedure"). The Plaintiffs have not demonstrated any proof that Caruso's estate has actually been distributed to his wife or four children, other than the inference that "[t]he absence of estate assets appears to indicate that any assets held by Mr. Caruso at the time of his death passed outside of an estate". (*See* Affidavit of Susan M. Bruno, at ¶ 17.) The Plaintiffs point out that if Vincent Caruso transferred his assets to family members in order to make himself and his estate judgment proof, then these transfers could be deemed fraudulent conveyances under the New York Debtor and Creditor Law. However, there is no evidence that such transfers took place, and therefore the Court cannot find on the basis of this mere possibility that his spouse and issue are proper parties for substitution at this time. *See Shapiro,* 2008 WL 4302614, at *1 ("Accordingly, if Steven Shapiro wants to pursue this action, he must provide this Court with evidence ... that either (1) he has been designated under New York law as the administrator or executor of his father's estate, or (2) *his father's estate has been distributed,* and he is the a distributee of that estate.") (emphasis added).

Accordingly, the Court finds that the decedent's spouse and issue are not proper parties at this time, and thus, they cannot be substituted for Caruso.

In sum, the Plaintiffs' motion to substitute Michael Caruso, as representative of the Estate of Vincent Caruso, in place of Defendant Vincent Caruso, is hereby granted. The Plaintiffs shall file and serve an amended complaint with a caption that properly reflects this change upon the newly substituted Defendant, along with the default judgment granted by this Court against the decedent on February 25, 2011, within 20 days of the date of this Order. In addition, the Clerk of the Court is respectfully directed to change the caption of the case to reflect the substitution of Michael Caruso, as Executor of Vincent Caruso's Estate, for Vincent Caruso.

**SO ORDERED.**